KENNON versus M'RAE.

1. In an action by the indorsee' of a promissory note, against the indorser, final judgment, on demurrer, cannot be rendered by the court, for the plaintiff, without the intervention of a jury, on a common money count.
2. A count in a declaration, by the indorsee of a promissory note, against the indorser, omitting an averment of demand of payment of the maker, and notice, is bad.

The plaintiff below, M'Rae, declared in assumpsit, in Tuskaloosa County court, against the defendant there, as indorser of a promissory note. There were two counts in the declaration—the first setting out the contract of indorsement in special terms, but containing no averment of the presentment of the note, to the maker thereof, for payment—his refusal to pay, and notice to the indorser; and contained, as excuse therefor, the allegation, that the note had been indorsed after due. The second count was for money had and received.

On general demurrer, judgment final was rendered, by the court, in favor of the plaintiff below; whereupon the defendant took a writ of error here.

*Wilson,* for plaintiff—*Stewart, contra.*

LIPSCOMB, C. J.—This was an action, brought by the indorsee, against an indorser of a promissory note, endorsed when over due. The declaration contains two counts; the first on the indorsement, and the second, a common money count. The first count contains no averment of a demand of payment, from the maker, and notice. To this declaration, a

general demurrer was filed, and on it, a final judgment rendered for the plaintiff.

The first count is bad; and had the demurrer been confined to it, there is no doubt it would have been sustained. But, as the second was a good count, the demurrer was, properly enough, over-ruled. The court, however, erred in rendering final judgment, for the plaintiff, without the intervention of a jury. The plaintiff's right to a judgment, can only be sustained by referring to the second, or common count; and this, when taken and viewed separate, and distinct, from the first, does not show such a cause of action as would authorise a final judgment to be entered up, without the intervention of a jury. It does not appear to be founded on an instrument of writing, ascertaining the sum due. If the first count had contained the averments essential to make it a good one, the judgment would be sustained, by referring to it; but as that count is bad, neither the second count, nor the judgment, can derive any support from that source.

The judgment should have been interlocutory, and an inquest of damages executed. It must, therefore, be reversed and the cause remanded.