# SUPREME COURT.

## SPELLMAN and others, agt. WEIDER and others.

A party can not demur and answer to the same pleading.

If a defendant answers and demurs to the same complaint, the proper remedy
of the plaintiff is to move for an order striking out one of the pleadings, or
to compel the defendant to elect by which he will abide.

The plaintiff can not in such case move for judgment on account of the frivo-
lousness of the demurrer.

What facts should be stated in a complaint against the makers and endorsers
of a promissory note, when they are all united in the same action, under
§ 120 of the Code.

*August* 20, 1850.   The complaint is on a promissory note
against maker and endorsers.   The defendants have answered,
denying all the allegations of the complaint and have also de-
murred to the same.

The plaintiffs now move for judgment on account of the friva
lousness of the demurrer, under § 247.

B. C. THAYER, *for the Motion.*

C. R. INGALLS, *Contra.*

WILLARD, Justice.—The plaintiffs have mistaken their remedy.
No judgment can be given for the plaintiffs until the issue of
fact on the record is disposed of.   It is very clear that the de-
fendants can not both answer and demur to the same pleading.
This was so held by HARRIS, J., in Slocum vs. Wheeler (4 *How.
Pr. R.*, 373).   It has been so ruled also in this district in a case
not reported.   The plaintiffs, however, can not treat the answer
as a nullity, and move for judgment on the ground that the de-
murrer is frivolous; nor can they treat the demurrer as a nullity.
The proper remedy is to move to strike out the demurrer or the
answer; or for an order compelling the defendants to elect by
which of the pleadings they will abide (Slocum v. Wheeler, *supra*).
If the objection appear on the face of the complaint, it must be
taken by demurrer, or it is waived, unless it be an objection to
the jurisdiction of the court, or the want of a cause of action

(§ 148). If the objections do not appear on the face of the pleading, it may be taken by answer (§ 147).

The defendants' counsel insists that the complaint does not show any cause of action. This would be a good answer to the motion for judgment on account of the frivolousness of the demurrer, but it would be no ground for a judgment for the defendant at this time. The plaintiffs have made this motion at chambers under §247. I have no authority to give judgment at chambers, under this section, unless the demurrer is frivolous. If the demurrer be well taken, the present motion must be denied. Judgment can not be given until the cause shall be brought to trial at a special term.

As the present motion must be denied, and as the defendants have been irregular, in putting in an answer and demurrer to the same pleading, it may be proper to look at the complaint with a view to the question of amendment and costs.

The action was well brought against the maker and endorsers (*Code*, § 120; *L. of* 1832, *p.* 489; *L. of* 1835, *p.* 248; *L. of* 1837, *p.* 72). The mode of declaring, prior to the Code, was to declare on the money counts, and to annex a copy of the note. This simple form of declaring is abolished by the code, and as a substitute, the complaint must contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended (§ 142). The contract of the maker of a note is to pay it according to the terms of it; the contract of the endorser is, that the maker will pay on presentment according to the terms of the instrument, or on his default, he the endorser, on due notice of such demand and non payment, will pay. The complaint, therefore, in order to conform to the Code, should state facts enough against the maker to show his liability to pay, and enough against the endorser to charge him with the debt. In the latter case, not only the making and endorsement of the note should be stated, but also the demand of the maker at the time and place prescribed for that purpose, and notice of such demand and non payment to the endorser. This demand must be on the third day of grace,

Spellman and others agt. Weider and others.

and notice of demand and refusal given afterwards on the same day or the next. If the third day be Sunday, or a day of public rest, the demand must be made on the second day, and notice will be in season, if given on the day succeeding such day of rest (*See* 3 *Kent Com.* 102, 105, *&c*). The complaint in this case does not show a demand of the note at the *place* where it was payable, nor does it show notice of such demand and non payment, as against the endorsers; a demand at the place appointed in the note for payment was necessary (11 *Wheaton*, 171). As against the maker this was of no consequence; but as the plaintiffs have chosen to unite both maker and endorsers in the same action, their statement of facts should have been full enough to show the liability of both.

Whether the 7th section of the act of 1832 (*L. p.* 490), which was framed to preserve the rights and responsibilities of the several parties to the note, as between each other, will justify the court in treating a joint complaint as two separate complaints, the one against the makers and the other against the endorsers, can not arise on this occasion, as the demurrer and the answer were both joint and by all the defendants to the whole complaint. Had the maker answered by himself, and the endorsers demurred by themselves, a question could fairly have been made as to the effect of that section; but it is not expedient to decide a hypothetical case.

I shall not give costs to the defendants because they have been irregular themselves. If the plaintiffs should hereafter move to compel the defendants to elect between their answer and demurrer, they might connect with it a motion for leave to amend their complaint. I would suggest to the parties that a rule be now ordered, allowing the plaintiffs to amend their complaint, and the defendants to put in a new answer or demurrer as they shall be advised, without costs to either party. Ordered accordingly.