## SUPREME COURT.

THE PRESIDENT, DIRECTORS AND CO. OF THE BANK OF GENEVA agt. GULICK AND OTHERS.

It was not the intention of the Legislature by the last clause of § 162 of the Code to dispense with a statement of the facts constituting a cause of action or with any of the requirements of § 142, but only to relieve the party from setting out the written instrument *according to its legal effect.*

The plaintiff must still state his interest in or title to the instrument and such other facts outside of it as are necessary to enable him to recover upon it.

Thus, where the plaintiffs complained upon a promissory note alleging that "the plaintiffs are the owners of a promissory note of which the following is a copy, and that there is due to them thereon from the defendants the sum of $500, with interest, " &c., and claim to recover such amount and for which they demand judgment against the defendants, and then set out a copy of the note, *held,* that the complaint was defective in not stating that the defendants *made or endorsed the note,* and as respects the endorsers, in not alleging *a demand and notice of non payment. (See ante page 9.)*

*At Chambers, April* 1853. *Demurrer to Complaint.* The complaint alleges that the plaintiffs are the owners of a promissory note of which the following is a copy, and that there is due to them thereon from the defendants the sum of $500, with interest from the 28th day of June 1852, which sum and interest, with seventy-five cents notary's fees for protesting said note, and the costs of this action the plaintiffs' claim to recover, of and for which they demand judgment against the defendants.

A copy of the note with names of makers and endorsers is then added as follows:

"$500.                              Prattsburgh, March 25th, 1852.

"Three months after date, for value received, we promise to pay to the order of Jacob Wagener five hundred dollars at the Bank of Geneva.         (Signed)         E. & H. J. GULICK.

(Endorsed)  "Jacob Wagener, Gilbert Hadden, Bennett F. Gulick, Wm. Prentiss, Orrin Ellsworth."

The complaint is dated Geneva, August 1852.

The defendants demur and specify the causes of demurrer as follows:

" 1. Because the complaint does not allege that the defendants, or any of them made, executed or endorsed the said note mentioned in the said complaint.

" 2. It does not state that the said note has been transferred to plaintiffs.

" 3. It does not state that the payment of said note has ever been demanded, nor that any notice of non payment was ever given to defendants or any of them.

" 4. It does not contain facts sufficient to constitute a cause of action."

A. Van Buren, *for Defendants.*

Jno. M. Bradford, *for Plaintiffs.*

Welles, Justice.—It is provided by section 162 of the Code, as follows: " In an action, or defence founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims."

Without the aid of this provision, 1 suppose no one would contend that the complaint in this case was sufficient. Section 142 requires the complaint to contain, among other things, " a plain and concise statement of the facts constituting a cause of action without unnecessary repetition." This complaint does not allege that any of the defendants made, or that any of them endorsed the note. Admitting that the word "signed," prefixed to the names of the makers, and the abbreviation " endsd " to that of the endorsers, may be regarded as allegations of the making and endorsing of the note, it does not follow that the makers and endorsers are the defendants; much less, that the makers E. & H. G. Gulick are the defendants, Egbert Gulick and Hiram G. Gulick. The substance of the allegations is that the plaintiffs own a note, signed " E. & H. G. Gulick," which *may* mean Egbert Gulick and Hiram, G. Gulick, upon which are endorsed five names, corresponding with the names of the other five defendants. This, most certainly, is not a statement or allegation that the defendants, Egbert Gulick and Hiram G. Gulick, made the note, or that the other defendants endorsed it; nor is there

any thing to be found in the complaint equivalent to such statement or allegation.

There is another fatal defect in the complaint, judging it without reference to section 162. The contract of endorsement is a conditional one; the liability of the endorser depending upon the proper and timely demand, and notice of non payment, or something equivalent. These are conditions precedent. Their performance should be stated with at least as much particularity as the first part of section 162 requires (Gay agt. Payne, 5 *How. Pr. R.* 107).

The acts of 1832, chapter 276, of 1835, chapter 211, and of 1837, chapter 93, are none of them applicable to pleadings under the Code. Those acts all contemplated a good common law declaration, and provided in what cases a copy of the note or bill of exchange could be given in evidence. They made no change in the form or rule of pleading. The defendant never pleaded to the note endorsed on the declaration, but to the declaration itself. There is, therefore, no analogy between those statutes and the new system introduced by the Code, in respect to questions of pleading.

The important question to be decided, is whether in an action or defence founded upon an instrument for the payment of money only, it was intended by the clause above recited from section 162, to dispense with a statement of facts constituting a cause of action, as required by section 142. Upon this question I am without the light of any adjudged case. In Ranney agt. Smith (6 *How. Pr. R.* 420), Justice MARVIN, although declining any opinion on the subject, yet alluded to the question, and proposes some interrogatories, which I think it will be found difficult to answer, if such statement is to be dispensed with. The case of Lord vs. Cheesebrough (4 *Sanf. Sup'r C. R.* 696), has been cited by the counsel for both the parties on the argument of this case. That case, however, does not bear directly on any question in this, excepting that arising upon the defendants' second cause of demurrer. It holds, I think correctly, that a statement that the plaintiffs owned the note in that case, would have been a sufficient allegation of their title. The complaint in this case contains such a statement, which I think is sufficient in that

Bank of Geneva agt. Gulick and others.

respect. But to return to the main question under consideration. If giving a copy of the note in a case like the present, with a statement that there is due to the plaintiff upon it, a specified sum which he claims is to be deemed sufficient, absolutely, and in all respects, then it would be unnecsesary to state that the plaintiff owned it, or that his interest in, or connection with the note should appear in any way; and in an action against several persons who were partners, on a note with the name of one of them signed thereto, and the words " & Co." affixed, upon the same principle it would be unnecessary to show by the complaint the liability of the other defendants, or that they were partners with the one whose name appears in the signature of the firm name; and indeed, I do not see but all the requirements of § 142, the first, as well as the second subdivision may not in like manner be dispensed with. My opinion is that it was not the intention of the legislature, by § 162, to dispense with any of the requirements of § 142. The last mentioned section lays down and establishes the rule in general terms as to what a complaint must contain; and § 162 is designed to relieve the party from setting out the written instrument according to its legal effect. It could not have been intended, I apprehend, to excuse him from stating his interest in, or title to it, or from alleging such other facts, outside of the instrument, as were necessary to enable him to recover upon it. The case cited from 4 *Sanford's Superior Court Reports,* is an illustration. There the complaint stated that the defendants made and endorsed the note, and then gave a copy of it, by which the defendants' liability fully appeared. But there was a fact necessary to be stated, which the copy of the note did not disclose, to wit: the plaintiff's title or ownership of the note, and for the omission to state it, the complaint was held insufficient. The court remarked that " the action is founded on something more than the note, and that something must be averred."

I think the complaint in this case is defective in not stating that the defendants made or endorsed the note, and, as respects the endorsers, in not alleging a demand and notice of non payment.

There must be judgment in favor of the defendants on the demurrer, with leave to the plaintiffs to amend on payment of costs.