THE BANK OF THE STATE OF MISSOURI, Defendant in Error, *v.* CHARLES A. HADEN, Plaintiff in Error.

*Pleading—Note.*—A petition against a party not the payee of a note, who appears as endorsee of the payee, and through whom the plaintiff claims title, and who is not charged as endorser by demand and notice, nor as maker by writing his name upon the note to which he is a stranger, shows no cause of action.

*Error to Greene Circuit Court.*

*T. A. Sherwood,* for plaintiff in error.

The petition is certainly bad, even under our remarkable

loose system of practice, and the court should have so holden it. The point raised by the demurrer was solely a question of pleading. The alleged contemporaneous parol agreement, even if admissible at all, could only have been properly urged on the trial, and has nothing to do with the the sufficiency of the petition; an issue of law, is not of fact. (Jaccard v. Anderson, 32 Mo. 188, and cases there cited.)

This contemporaneous parol agreement is used as an excuse for failure to use the means necessary to fix the endorser, and as a means of converting his conditional liability into an absolute engagement. (Smith's Mer. L. 347; 1 Greenl. Ev., §§ 275, 277, 281; 2 Kent, 673; Pingry v. Watkins, 17 Verm. 379; Bank United States v. Dunn, 6 Pet. 51; Noble v. Bosworth, 19 Pick. 314; 5 Mo. 101; 1 Phil. Ev. 480; Smith's Adm'rs v. Thomas, 29 Mo. 307, and cases there cited; Richards v. Killam, 10 Mass. 239; 1 Mass. 69-91; 6 Mass. 336; 7 Mass. 496; 8 Mass. 83; Inge v. Hance, 29 Mo. 399.)

The objection was well taken, that the petition showed upon its face that the liability of defendants was discharged. The other objections that the petition was founded, not on the note, but on the incongruous parol agreement, and that the petition was insufficient, and set up no cause of action, were also well taken. In proof of this, strike out of the petition the allegations respecting the alleged agreement, and what have you? A mere naked averment that a negotiable, promissory note was made by the other defendants, and endorsed by Haden because the note was too crowded to admit his signature on its face, and that the note is unpaid; no cause of action, certainly, against the endorser. A pleader might with equal propriety aver, that an endorser became a maker because the back of the note was so crowded that he could not endorse it, and then agreed orally with the payee that he should be regarded only as evidence, and have all the rights and immunities that pertain to the contract of endorsement.

*E. B. Ewing*, for defendant in error.

I. The defendant Haden is liable *prima facie* as a maker. (Lewis & Brothers v. Harvey, 18 Mo. 74; Schneider v. Scheffman, 20 Mo. 571; Powell v. Thomas, 7 id. 442.)

II. It may always be shown by *parol*, what was the precise nature of the contract assumed by making such endorsements as Haden made. (Cases above cited, and Barnes v. Lane, 5 Vt. 161; 6 id. 642; 9 id. 345; Sto. Prom. Notes, § 479.)

III. Even if Haden is not a maker, but an endorser, it may be shown by parol, that he waived demand and notice of non-payment. (Dunkwater v. Tibbetts, 17 Maine, 16; Boyd v. Cleveland, 4 Peck. 525; Fuller v. McDonald, 8 Greenl. Maine, 213; 5 Pick. 437; Lane v. Stewart, 20 Maine, 98; 25 id. 409; Sto. Prom. Notes, § 291.)

BATES, Judge, delivered the opinion of the court.

The amended petition in this case is as follows: " Plaintiff amends petition and states that the defendants William Hendricks, George W. Hancock, with one Sterling Gilmore (now deceased, and of whose estate said Elisha Headlee has been duly appointed and qualified as administrator, and in that capacity sued and judgment asked against him in said capacity), by their negotiable, promissory note herewith filed, dated August the 1st, 1861, promised to pay to the order of the said William Hendricks, four months after the date thereof, the sum of two thousand dollars, for value received, negotiable and payable at the Branch of the Bank of the State of Missouri at Springfield, without defalcation or discount; that the said William Hendricks negotiated for a valuable and full consideration the said note by endorsement and delivered the same to Charles A. Haden (defendant), who endorsed and delivered the same to plaintiff, who is now the legal owner and holder of the same; that said note was executed and made and endorsed and delivered as aforesaid to plaintiff, in consideration of the joint and several debt of

the said William Hendricks, Sterling Gilmore (now deceased) John W. Hancock and Charles Haden, owing and being indebted unto the said plaintiff by virtue of a bill of exchange herewith filed, dated April 4th, 1861. The said last mentioned parties William Hendricks and Charles A. Haden acknowledging jointly and severally the said indebtedness to the said plaintiff in the said amount of two thousand dollars, for which the said note sued on was executed and delivered; that said note was made, executed, endorsed and delivered to plaintiff in payment of said original bill of exchange and indebtedness to plaintiff, with the full understanding between all the parties aforesaid, that such was the intention of the parties as freely understood by all the parties to said note, including plaintiff; that the intention as agreed and understood by said parties to said note and plaintiff was, that said Charles A. Haden was to be regarded as an original maker of the said note, and not as an endorser; and the reason he (said Haden) signed said note on back thereof, was because the note at its foot was so crowded. And the said Charles A. Haden then and there agreed with plaintiff, in consideration aforesaid, agreed and promised that he would pay said note sued on when due at all events, and without any condition whatever, waiving every thing except what pertains to the origin (original) maker of such note; that it was to pay his own debt due plaintiff; that said note was executed and delivered to plaintiff. Plaintiff states that she is now the legal owner and holder of the said note, and defendants, Elisha Headlee as administrator as aforesaid, and William Hendricks and George W. Hancock and Charles A. Haden as makers and endorsers aforesaid, owe and are indebted because of promises and said note to plaintiff in the sum of two thousand dollars, with interest thereon from 1st December, 1861, with the sum of eighty dollars damage for the non-payment of same; for which plaintiff asks judgment against Elisha Headlee as administrator aforesaid and the other defendants aforesaid."

It will be perceived that the petition states that Hendricks,

Hancock and Gilmore made their negotiable promissory note to Hendricks, who endorsed and delivered it to Haden, who endorsed and delivered it to the plaintiff, thus showing Haden to be an endorsee and subsequent endorser, and there is no averment of demand, notice, &c.; and then the petition states that it was the understanding of all parties that Haden was to be regarded as a maker of the note.

The defendant (Haden) demurred to the petition. The demurrer was overruled and judgment given for the plaintiff. One ground of demurrer was that the petition did not contain facts sufficient to constitute a cause of action. Certainly the petition does not show a cause of action against Haden as an endorser, nor does it charge that he is a maker of the note, nor does it charge that he became chargeable as maker by writing his name upon a note to which he is a stranger; but, on the contrary thereof, shows that he is an endorser, through whose endorsement the plaintiff derived title to the note. The demurrer should have been sustained. The plaintiff may perhaps by means of an amended petition be able to show a cause of action against Haden.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.