HENRY O. BARNARD, RESPONDENT, *v.* HENRY MORRISON,
APPELLANT.

*Pleading — what statement in an answer is not to be considered as a demurrer.*

The answer of the defendant, in this action, after denying certain of the facts set forth in the complaint, and setting up two separate defenses, proceeded: "Fourth, and, as a further and distinct defense to the matter set forth in the amended complaint, the defendant avers: that it does not state facts sufficient to constitute a cause of action; that no cause of action has accrued to the plaintiff against the defendant, as alleged in the amended complaint, or of any kind or nature whatever."

*Held,* that the fourth clause of the answer did not profess to be, and was not to be treated as a demurrer, and that the court below erred in treating it as such and requiring the defendant to elect whether he would stand by the answer or the demurrer.

(DANIELS, J., dissenting.)

APPEAL from an order of the Special Term requiring the defendant to elect whether he will stand by the answer or the demurrer.

The action was brought to recover money lost by the plaintiff in playing poker with the defendant. The defendant denied certain of the allegations of the complaint, and set up two separate defenses. The answer then read as follows : " Fourth, and, as a further and distinct defense to the matters set forth in the amended complaint, the defendant avers : that it does not state facts sufficient to constitute a cause of action ; that no cause of action has accrued to the plaintiff against the defendant, as alleged in the amended complaint, or of any kind or nature whatever. Wherefore the defendant demands judgment against the plaintiff, dismissing the amended complaint in this action, with costs."

*John Graham,* for the appellant.

*A. H. Nones,* for the respondent.

MACOMBER, J. :

It was a mistake for the learned judge at Special Term to regard the pleading served by the defendant as both an answer and a demurrer. The clause therein, " that the complaint does not state facts sufficient to constitute a cause of action," though a ground of demurrer, may or may not be a demurrer, according to the connection in which it is used with other matters. When appearing with denials and with affirmative defenses in an answer, it is no more than a notice, quite unnecessary to be sure, that at the trial the defendant will move for a dismissal of the complaint on that ground.

There are some decisions at Special Term of this court, pronounced at quite an early day under the Code of Procedure (*Spellman* v. *Weider,* 5 How. Pr., 5 ; *Howard* v. *Michigan So. R. R. Co., Id.,* 206), and also in the Common Pleas (*Slack* v. *Heath,* 4 E. D. Smith, 95), which seem to support the decision, but they cannot be deemed to be more than the statement of the now perfectly well recognized principle of pleading under the Code ; that the same cause of action cannot be both demurred and answered unto in the same pleading. In this case, however, the clause does not profess to be a demurrer, but professes to be an answer only ; it has none of the formal parts of a demurrer, but only a statement of a cause for which a demurrer might have been interposed.

The order should be reversed, with costs.

DAVIS, P. J., concurred.

DANIELS, J. :

My construction of the pleading is that it was in substance and effect both a demurrer and an answer, and for that reason the order was right directing the defendant to elect upon which he would stand. I therefore disagree with the conclusion of Mr. Justice MACOMBER, and think the order should be affirmed.

Order reversed, with costs.