Lawrence, J.—
A mortgage is not an instrument for the payment of money only (Peyser agt. McCormack, 7 Hun, 300). It has frequently been held, under section 162 of the former Code and under section 534 of thé present Code, that the plaintiff must state his interest or title, even in a suit upon an instrument for the payment of the money only, and such other extrinsic facts as are necessary to enable him to recover. Those sections only relieve a party from setting out such an instrument according to its legal effect (Bank of Geneva agt. Gulick, 8 How. Pr., 51; see, also, Tooker agt. Arnoux, 76 N. Y., 397). In this case the allegation of the complaint is “ that the plaintiff is, by several mesne assignments — which shall more fully and at large appear, reference being had thereunto — now the lawful holder and owner of the bond and mortgage above mentioned and described and is justly entitled to be paid the said principal sum above mentioned, together with the interest on that principal sum from the time above mentioned.” No fact is stated in this allegation from which it can be seen how the plaintiff has become an assignee of the mortgage sought to be foreclosed, nor is the defendant apprised of the facts upon which the plaintiff relies-to show that he is the owner and holder of the instrument in question. In this respect I think the complaint is defective. In Thomas agt. Desmond (12 How. Pr., 321), which was an action for the recovery of money upon a contract between the defendant on the one part, and one Allen and his wife on the other, the complaint alleged a breach of the contract on the part of the defendant, and the only allegation' of the title of the plaintiff was as follows: “ That the said plaintiff is now the sole owner of the said demand against the said defendant.” Welles, J., in sustaining the demurrer said : “ This I do not think is sufficient; it is merely an allegation of a conclusion of law. The defendant has a right to be informed by the complaint how the plaintiff became the owner of the *276 demand, whether by purchase, assignment, operation of law, or how otherwise. The same fact or facts should be stated by which it would appear how he became such owner,” citing Russell agt. Clapp (7 Barb., 482); Bently agt. Jones (4 How., 202); Murray agt. Thomas (5 How., 14); Parker agt. Totten (10 How., 233); Bank of Geneva agt. Gulick (8 How., 51). In this case the complaint does not show by whom the assignments were obtained, nor is any opportunity afforded to the defendant of ascertaining what the title of the plaintiff is. There must be judgment for the defendant upon the demurrer, with leave to the plaintiff to amend upon the payment of costs.