(24 Misc. Rep. 389.)

## GOODWIN v. COBE.

(City Court of New York, General Term.　August 6, 1898.)

1. ACTION ON CHECK—NOTICE—PLEADING.
　Notice of presentment and nonpayment to the drawer is a condition precedent to an action on a bank check; and failure to allege performance thereof, or a valid excuse for nonperformance, renders the complaint demurrable.

2. PLEADING AND PROOF—VARIANCE.
　Under an allegation of performance, evidence in excuse of nonperformance is not admissible.

3. ACTION ON CHECK—PLEADING.
　In an action on a bank check, the complaint must allege that the check was indorsed by the payee.

Appeal from special term.

Action by Frederick Goodwin against Andrew J. Cobe. From a judgment and order directing judgment on account of the frivolousness of the defendant's demurrer to the complaint, defendant appeals. Reversed.

Argued before SCHUCHMAN and OLCOTT, JJ.

Philip Carpenter, for appellant.

E. S. Griffing, for respondent.

SCHUCHMAN, J. The complaint set up two causes of action on bank checks separately. The defendant demurred to each on the ground that the complaint did not state facts sufficient to constitute a cause of action. Code Civ. Proc. § 492. Plaintiff gave notice of motion for an order striking out the demurrer as frivolous, and for judgment. The motion was granted, and the order appealed from entered thereon.

The demurrer is not frivolous. Cook v. Warren, 88 N. Y. 37. It is essential in an action on a bank check to allege "notice of presentment and nonpayment to the drawer." The drawee was first to be resorted to, and the drawer came in aid only on the drawee's default. Therefore the check must be presented for payment before the drawer could be made liable. Judd v. Smith, 3 Hun, 190; Harker v. Anderson, 21 Wend. 372; Conkling v. Gandall, *40 N. Y. 228. In the last-mentioned case, section 162 of the old Code, which is in substance identical to section 534 of the Code of Civil Procedure, received consideration and construction. It thus appears clearly that notice of presentment and nonpayment of a check to the drawer is a prerequisite (identical to a condition precedent) to the plaintiff's right to recover on such a check. To entitle the plaintiff to recover, he must show performance of a condition precedent, or a valid excuse for its nonperformance. If there has been no performance, and the plaintiff intends to rely on the excuse, in that case the complaint must state the facts on which the plaintiff relies as an excuse, and not state that he duly performed the condition; for, under an allegation of performance, evidence in excuse of nonperformance is not admissible. Oakley v. Morton, 11 N. Y. 33; Holmes v. Holmes, 9 N. Y. 525.

In the second cause of action of the complaint, there is no excuse whatever alleged for the omission of the notice of presentment and nonpayment. There is a simple allegation that $100 has been paid on account. For that reason the cause of action in the second count is defectively stated, and the demurrer to each of the causes of action is well taken.

The complaint is further defective in failing to allege that the checks were indorsed by the payee. Rowley v. Bank, 63 Hun, 550, 18 N. Y. Supp. 545; Eichner v. Bank, 24 App. Div. 63, 48 N. Y. Supp. 978; Lynch v. Bank, 107 N. Y. 179, 13 N. E. 775.

The judgment and order appealed from are reversed, with costs, and the motion to strike out the demurrer as frivolous is denied, with costs.

OLCOTT, J., concurs.