(53 Misc. Rep. 104)

### SCANLON v. WALLACH.

(Supreme Court, Trial Term, New York County. February 21, 1907.)

1. PLEADING—AMENDMENT—COMPLIANCE WITH PROOF.

The defect in the complaint in an action against the drawer of a check, from the failure to allege the giving of notice of dishonor, as required by Negotiable Instrument Law, Laws 1897, pp. 739, 742, c. 612, §§ 160, 185, may be amended to conform to the proof that the drawer stopped payment, and thereby obviated the necessity, under section 185, to give notice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ .603–619.]

2. BILLS AND NOTES—CHECK—CONSIDERATION.

Where a mortgagee of property sought to be taken by a city satisfied the mortgage, and surrendered to the mortgagor the bond thereby secured, in consideration of the mortgagor giving to the mortgagee a check for a specified sum, the check was supported by a sufficient consideration whether or not the mortgagor was indebted to the mortgagee, and though at the time of the agreement the title to the premises had vested in the city.

Action by Thomas F. Scanlon against Soloman Wallach. Judgment for plaintiff.

Smith & Simpson, for plaintiff.
Goldfogle, Cohn & Lind, for defendant.

SEABURY, J. The plaintiff brings this action to recover upon a check made and delivered by the defendant to Mary L. Breese, guardian of William L. Breese, and by her transferred to the plaintiff. The check was given as a result of the following circumstances: The defendant's wife died intestate, seized of real property in New York City, and leaving her surviving her husband and several children. The property was taken under condemnation proceedings by the city of New York. The plaintiff's assignor held a mortgage upon this property. A proceeding was instituted in the Supreme Court to determine to whom and in what proportions the award which the city made upon taking the property should be paid, and resulted in an order dated November 14, 1904, fixing the interest of the defendant, as tenant by courtesy, and the interest of the children in the property, and directed that the comptroller pay the plaintiff's assignor $26,685.39, "upon her execution to the said comptroller a satisfaction and discharge of the mort-

gage held by her against the premises, No. 37 Willett street." On December 9, 1904, the parties in interest met in the office of the comptroller of the city of New York, who offered to the plaintiff's assignor the principal of her mortgage and interest up to September 22, 1904, provided she would sign and deliver a satisfaction of the mortgage and deliver the mortgage and bond. The plaintiff's assignor refused to comply with the conditions prescribed, and demanded interest on the mortgage debt for the period intervening, between September 22, 1904, and December 9, 1904, at the rate prescribed in the mortgage. To induce the plaintiff's assignor to sign and deliver the satisfaction of mortgage and to deliver the bond and mortgage which she held, and thereby facilitate the closing of the transaction, so that he might receive his own share of the award without further delay, the defendant delivered the check which is the subject of this action. The plaintiff's assignor thereupon delivered the bond and mortgage and signed and delivered the satisfaction of mortgage to the comptroller and the award was paid to the parties entitled to receive it. The defendant then stopped payment upon the check.

The defendant urges two objections to the plaintiff's claim in this action: First, that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege that notice of the dishonor of the check was given to the drawer. The complaint is undoubtedly defective in this respect. Negotiable Instrument Law, Laws 1897, pp. 739, 742, c. 612, §§ 160, 185; Harker v. Anderson, 21 Wend. 372; Goodwin v. Cobe, 24 Misc. Rep. 389, 53 N. Y. Supp. 415. The facts disclosed upon the trial showed that the drawer of the check stopped payment upon it, and section 185 of the Negotiable Instrument Law provides that notice of dishonor is not required to be given to the drawer when the drawer has countermanded payment. Under these circumstances the complaint should be amended so as to conform to the proof. The defendant can in no way be prejudiced by permitting the plaintiff to amend his complaint so as to allege that the drawer of the check countermanded payment. Second, the defendant contends that the check was without consideration. Even though the title to the premises in question vested in the city of New York on July 3, 1901 (Greater N. Y. Charter, Laws 1901, p. 614, c. 466, § 1439; Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892), and notwithstanding the fact that the defendant was not indebted to the plaintiff, the signing and delivery of the satisfaction of the mortgage, and the surrender of the bond and mortgage by the plaintiff's assignor, was a sufficient consideration to sustain the validity of the check. The learned counsel for the defendant contends that the signing and delivery of the satisfaction of the mortgage and the surrender of the bond and mortgage "was no valid consideration, for it had no value," but this contention is completely answered when the definition of what constitutes consideration is appreciated.

Pollock, in his work on Contracts, after quoting the familiar definition formulated by the Exchequer Chamber, in Currie v. Misa, 10 Exch., 153, 162, affirmed, 1 App. Cases, 554, says:

"Consideration means not so much that one party is profited as that the other abandons some legal right in the present, or limits his legal freedom of ac-

tion in the future, as an inducement for the promise of the first. It does not matter whether the party accepting the consideration has any apparent benefit thereby or not; it is enough that he accepts it and that the party giving it does hereby undertake some burden or lose something which in contemplation of law may be of value." Wald's Pollock on Contracts, p. 167.

The application of this elementary principle is obvious, and it is unnecessary to multiply the citation of authorities. The plaintiff's assignor had a legal right either to sue the city of New York for the interest that was due to her upon the date of the award, or to bring an action upon the bond.

In Hill v. Wine, supra, Mr. Justice Ingraham said:

"The interest of both the mortgagor and the mortgagee in the mortgaged premises were acquired by the city for public use, and in place of that interest in the land the plaintiff had the right to require the city of New York to pay the value of her interest directly to her. The plaintiff's right of action against the obligor upon the bond was not affected, and if the award by the city was not sufficient to pay the mortgage the mortgagees would have a cause of action against the plaintiff upon the bond, but the lien upon the mortgaged premises having vested in the city there was no lien or mortgage that the plaintiff could foreclose."

The abandonment by the plaintiff's assignor of her right of action against the city, or of her right to bring an action upon the bond, and the signing and delivery of the release were ample consideration to sustain the validity of the check.·

Judgment for the plaintiff for the amount claimed, with interest and costs.

---

(52 Misc. Rep. 334)

### LANSING v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Herkimer County. January, 1907.)

CARRIERS—INJURY TO FREIGHT—DAMAGES—LIMITATIONS.

On delivery of certain household goods for shipment, the agent of the shipper accepted without objection a bill of lading stamped, "Valuation restricted to $5 per 100 pounds." Held, that a recovery for damages to the goods while in transit would be limited to the amount stated, though the agent testified she did not understand the provision.

. [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 663–667, 708–710.]

Appeal from Justice's Court.

