(55 Misc. Rep. 275)

EWALD v. FAULHABER STABLE CO.

(Supreme Court, Appellate Term. June 27, 1907.)

BILLS AND NOTES—CHECKS—ACTION AGAINST DRAWER—NOTICE OF DISHONOR
—COMPLAINT.

Negotiable Instruments Law, Laws 1897, p. 739, c. 612, § 160, declares that, except as otherwise provided when a negotiable instrument has been' dishonored by nonacceptance or nonpayment notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged. *Held*, that a complaint against the drawer of a check, after dishonor, which was not within any of the exceptions of such section, failing to allege notice to the defendant, was demurrable for insufficiency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1495.]

Appeal from City Court of New York.

Action by Mary Ewald, as executrix of the will of Andrew Ewald, Jr., deceased, against the Faulhaber Stable Company. From a judgment of the New York City Court, overruling defendant's demurrer to plaintiff's amended complaint and awarding damages and costs, defendant appeals. Reversed, and demurrer sustained.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Harris, Corwin, Gunnison & Meyers, for appellant.

SEABURY, J. The complaint alleges that the defendant drew a check upon the Commercial Trust Company, to the order of A. Ewald, Jr., and delivered the check to the payee; that thereafter the payee died, and the said check was presented for payment to the Commercial Trust Company, and payment was refused; that letters testamentary were issued to the plaintiff; and that there now remains due and unpaid from the defendant to the plaintiff the sum of $550. The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The court below overruled the demurrer and gave judgment for the plaintiff for the amount demanded in the complaint.

Section 160 of the negotiable instruments law (Laws 1897, p. 739, c. 612) provides as follows:

"To Whom Notice of Dishonor must be Given. Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

No facts are alleged in the complaint bringing this case within any of the provisions excepted from the operation of section 160 of the negotiable instruments law. An allegation that notice of dishonor was given to the drawer is necessary to the statement of a cause of action upon the check against the drawer, and the absence of such an allegation renders it demurrable upon the ground of insufficiency. Goodwin v. Cobe, 24 Misc. Rep. 389, 53 N. Y. Supp. 415; Scanlon v. Wallach, 53 Misc. Rep. 104, 102 N. Y. Supp. 1090; 5 Cyc. 539.

The judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, and with leave to the plaintiff to plead over within six days upon payment of costs.   All concur.