## CASSEL v. REGIERER.

(Supreme Court, Special Term, Kings County. December, 1908.)

1. MORTGAGES (§ 257*)—FORECLOSURE—EQUITIES.

Equities existing between the mortgagor and mortgagee at the time of the assignment of the mortgage, if adequate, are available against the assignee, though he had no actual notice when he took the assignment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 678; Dec. Dig. § 257.*]

2. BILLS AND NOTES (§ 395*)—NOTICE OF DISHONOR OF CHECK—NECESSITY.

One accepting a check from the drawer and depositing it for collection takes it subject to the general rules affecting negotiable instruments, and Negotiable Instruments Law (Laws 1897, pp. 739, 741, c. 612) §§ 160, 174, require him to give to the drawer notice of dishonor, or he must show as a fact that the drawer was not entitled to notice under section 185, because he had no funds at the bank to meet the check when he gave it.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1010; Dec. Dig. § 395.*]

3. MORTGAGES (§ 256*)—FORECLOSURE BY ASSIGNEE—EQUITIES.

A mortgage gave the mortgagee the right to elect to treat the whole debt due on interest and installments remaining unpaid after 10 days from the date fixed for payment. The mortgagor delivered to the mortgagee his check for interest and installments due January 1st. The mortgagee accepted it as conditional payment and deposited it for collection. The check was returned dishonored January 7th. Notice of protest was not mailed to the mortgagor until January 21st. The mortgagee assigned the mortgage on January 13th, and on the following day the assignee sued to foreclose. The mortgagor tendered the installments, with interest, on being served with the papers in the action. Held, that the mortgagee was responsible for the technical default of the mortgagor, because he failed to give notice of the dishonor of the check, and equity would relieve the mortgagor from the default as against the assignee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 678, 679; Dec. Dig. § 256.*]

Action by Rachael Cassel against Isaac Regierer. Conditional judgment of dismissal.

Kurzman & Frankenheimer, for plaintiff.

Maximillian Brown, for defendant.

CARR, J. This is an action to foreclose a mortgage which the plaintiff holds by assignment from one Barney Cohen. The defendant resists judgment, relying upon certain equities existing between him and Cohen at the time of the assignment to the plaintiff. If the defense be adequate, it is available against the assignee, even though she had no actual notice when she took the assignment. Hill v. Hoole, 116 N. Y. 299, 22 N. E. 547, 5 L. R. A. 620; 27 Cyc. 1320, and numerous cases there cited.

The mortgage in question has not yet matured as to its fixed period; but the plaintiff sues because of alleged default to pay an installment and interest on the principal sum falling due January 1, 1908. The mortgage provides in terms that, if the interest and installments therein provided to be paid at fixed dates should remain unpaid at the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

piration of 10 days from the dates fixed, the mortgagee may elect to treat the whole amount of the principal sum as immediately due and payable. Cohen did not assign the mortgage to the plaintiff until January 13, 1908. She claims that the interest and installment due January 1, 1908, had not been paid, and that she thereupon elected to consider the principal sum immediately due. It appears, however, that before the expiration of the 10-day period the defendant Regierer had given to Cohen his check on the New York Produce Exchange Bank for the amount of the interest and installment falling due on January 1st. Cohen accepted the check, presumably as conditional payment, and deposited it in his own bank, the Germania Bank, for collection. The check went through the usual clearing house method of collection, and was returned to the Germania Bank dishonored about January 7, 1908. It was there and then protested, but the notice was not mailed to the defendant until January 21, 1908. This action was brought on January 14th, and hence the defendant had no notice of the dishonor of his check until 11 days after the expiration of the 10-day period provided in the mortgage.

By section 321 of the negotiable instruments law (Laws 1897, p. 756, c. 612) a check drawn on a bank is a bill of exchange payable on demand. By the terms of this check Regierer was the drawer, the bank the drawee, and Cohen the payee. Cohen, having accepted it and deposited it for collection, took it subject to the general rules affecting negotiable instruments. By section 160 of the negotiable instruments law Cohen should have given notice to Regierer of the dishonor of the check or bill of exchange. This notice should have been so given as to reach Regierer on the day following the dishonor. Section 174, Negotiable Instruments Law. If this notice had been given, Regierer would have been in a position to tender to Cohen the amount due in cash before the expiration of the 10-day period. Of course, if Regierer had no funds at the bank to meet the check when he gave it, he was not entitled to notice (section 185). As the general rule requires notice, the failure to give notice is dispensed with only under defined circumstances, which must be shown to justify the withholding of notice. The mere fact of dishonor is not enough itself to dispense with the requirement of notice. The burden is on the plaintiff to excuse the failure to give notice, within the provisions of section 185 of the statute cited.

Under the circumstances of this case, Cohen was responsible for the technical default of Regierer. Equity will relieve from a default brought about through the conduct of the mortgagee. Germania Life Ins. Co. v. Potter, 124 App. Div. 814, 109 N. Y. Supp. 435. Inasmuch as Regierer tendered the installment, with interest, as soon as the papers in this action were served upon him, the plaintiff, by proceeding against him harshly, is not entitled to the favorable aid of a court of equity.

Judgment is directed for the defendant, dismissing the complaint, provided the defendant pay to the plaintiff the installment and interest falling due January 1, 1908, with interest thereon, and all subsequent installments and interest, within five days, or, in default of such payments, the plaintiff may have judgment of foreclosure and sale.