KUFLICK et al. v. GLASSER et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. BILLS AND NOTES (§ 395*)—NOTICE OF DISHONOR—NECESSITY.
  Judgment for the payees in an action by them on a check cannot be sustained, in the absence of proof that notice of dishonor was given to the drawers.
  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1010; Dec. Dig. § 395.*]

2. TRIAL (§ 163*)—MOTIONS TO DISMISS—FORM AND REQUISITES.
  A motion to dismiss a complaint on the ground that plaintiffs "have failed to establish a cause of action" was sufficient to entitle defendants to the benefit of an exception taken to the denial of that motion.
  [Ed. Note.—For other cases, see Trial, Dec. Dig. § 163.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Aaron Kuflick and another against Abraham Glasser and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Abramson & Potter, for appellants.
Philip Goldfarb, for respondents.

SEABURY, J. This is an action on two checks made by the defendants to the order of the plaintiffs. No evidence was offered to show that notice of dishonor was given to the drawers of the checks. The defendants moved to dismiss the complaint upon the ground that the plaintiffs "have failed to establish a cause of action." In the absence of evidence that notice of dishonor was given to the drawers, the proof was insufficient to sustain a judgment in favor of the plaintiffs. Negotiable Instrument Law (Laws 1897, p. 739, c. 612, § 160); Ewald

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Faulhaber Stable Co., 55 Misc. Rep. 275, 105 N. Y. Supp. 114; Scanlon v. Wallach, 53 Misc. Rep. 104, 102 N. Y. Supp. 1090, affirmed 126 App. Div. 913, 110 N. Y. Supp. 1144.

The defendants' motion to dismiss the complaint was sufficient to entitle them to the benefit of the exception which they took to the denial of that motion.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.