#### McCRAE v. SPIRES, *ET AL.*

#### (113 S. E. 583)

BILLS AND NOTES—COMPLAINT HELD SUFFICIENT AS TO INDORSERS WITHOUT SPECIAL ALLEGATIONS OF PRESENTMENT AND NOTICE OF DISHONOR. —Even if copies of notes set out in the complaint disclose that certain defendants were indorsers, so that, to render them liable, the notes must have been presented to the makers at maturity and due notice of dishonor given the indorsers, yet in view of Code Civ. Proc. 1912, § 169, permitting all parties to a note to be included in the same action, section 209, requiring pleadings to be liberally construed, and section 212, allowing it to be stated generally, in pleading performance of conditions precedent in a contract, that the party duly performed all the conditions on his part, allegation that a specified sum on the notes became due and payable "by defendants to plaintiff" on a certain day is sufficient, as equivalent to a general allegation of due performance on plaintiff's part of all conditions precedent to fixing liability of such defendants as indorsers.

Before Shipp, J., Bamberg, November, 1921.   Affirmed.

Action by F. H. McCrae against Mrs. E. L. Spires, M. A. Laird, E. L. Spires, and W. R. Laird, partners as Laird & Spires. From an order overruling demurrers by the first two named defendants to the first cause of action in the complaint, said two defendants' appeal.

The first cause of action of the complaint is as follows:

The plaintiff above named, complaining of the defendants above named, respectfully shows to the Court for a first cause of action:

(1) That at the time hereinafter mentioned Mrs. Hattie M. Spires, who signs her name as Mrs. E. S. Spires, M. A. Laird, E. S. Spires, and W. R. Laird were copartners in an agricultural business, running a farm in the State and County aforesaid under the firm name and style of Laird & Spires; and the plaintiff, F. H. McCrae, was engaged in a general merchandising business at Denmark in the State and County aforesaid.

(2) That on or about the 1st day of January, 1920, the defendants above named, being desirous of obtaining supplies, goods, wares, and merchandise for the purpose of running their farming operations during the year 1920, applied to the plaintiff to make all such advances to them as the plaintiff might deem expedient, and thereupon a contract was entered into by and between plaintiff and the defendants, whereby it was agreed that the plaintiff should make such advances upon the condition that the defendants should make, execute, and deliver to him their promissory notes in the sum of $800.00, payable on the 1st day of October, 1920, and that, in the event that it should be found necessary to obtain more supplies, then they should make, execute, and deliver to him additional notes in such sum or sums as the plaintiff might deem expedient.

(3) That on or about the 10th day of January, 1920, in consideration of the foregoing covenant and agreement the following promissory notes were made, executed, and

delivered by the defendants to the plaintiff, whereby they agreed to pay to the plaintiff on October 1, 1920, the amounts therein stated, totaling the sum of $800.00, of which the following are copies, to wit:

"$400.00                    Denmark, S. C., Jan. 10, 1920.

"On October 1, 1920, after date I promise to pay to the order of F. H. McCrae four hundred and no/100 dollars at Denmark, S. C.  Value received.  Due 10—1—20.

                    "W. R. Laird.

"To secure the account of Laird & Spires farm. [Signed on the back] M. A. Laird."

"$400.00                    Denmark, S. C., Jan. 10, 1920.

"On October 1, 1920, after date I promise to pay to the order of F. H. McCrae four hundred and no/100 dollars at Denmark, S. C.  Value received.  Due 10—1—20.

                    "E. S. Spires.

"To secure the account of Laird & Spires.  [Signed on the back] Mrs. E. S. Spires."

(4)  In furtherance of the aforesaid contract, the plaintiff sold to the defendants goods, wares, and merchandise between January 17, 1920, and September 9, 1920, both inclusive, to the amount of $1,227.40, no part of which sum has been paid by discount or otherwise, except the sum of $800.00, which was paid by the two notes hereinbefore set forth.

(5)  That the plaintiff is now the owner and holder of the two notes hereinbefore set forth, each for the sum of $400.00, making a total of $800.00, which became due and payable by the defendants to the plaintiff on the 1st day of October, 1920, no part of which sum or sums of either note has been paid to the plaintiff by discount or otherwise, and the defendants are indebted to the plaintiff upon the said two notes in the sum of $800.00, together with interest thereon from the 1st day of October, 1920, at the rate of 7 per cent. per annum.

*Mr. E. H. Henderson,* for Mrs. E. L. Spires, appellant, cites: *Persons signing other than as maker, drawer or acceptor is an endorser*: Acts 1914, 678, Sec. 63; 109 S. C., 219; 106 S. C., 472; 77 Ohio St., 311; 14 L. R. A. (N. S.), 842; 3 R. C. L., Sec. 447. *To hold endorser note must be presented to maker at maturity and endorser notified promptly of non-payment*: Acts 1914, 679, Sec. 70; Id., p. 682, Sec. 89; 109 S. C., 219; 8 C. J., 525, 637, 638; 3 R. C. L., Sec. 440; Story, Prom. Notes, Sec. 135, 399; 3 Randolph, Com. Papers, Sec. 1204. *Every essential fact must be alleged*: Bryant, Code Pl., 222; 31 Cyc., 100. *Performance of conditions precedent must be alleged*: 69 S. C., 300; 74 S. C., 298; 31 Cyc., 107. *Presentment and notice of dishonor must be alleged*: 3 McC., 195; 8 C. J., 901; 3 Randolph, Com. Paper, Sec. 1204; 1 Abb. Dec. (N. Y.), 423; Code Proc., 1912, Sec. 194. *Not accommodation endorser*: 8 C. J., 285, 252, 255, 639; 164 Ill., 98; 6 Miss., 557; 6 N. Y. Super., 93; 23 Pa., 476; 3 Randolph, Com. Paper, Sec. 1205. *Waiver of notice of dishonor must be alleged*: 69 S. C., 303; 8 C. J., 901; 3 Randolph, Com. Paper, Sec. 1367.

*Mr. J. Wesley Crum, Jr.,* for M. A. Laird, appellant, cites: *Suit against Mrs. Laird was as endorser*: 106 S. C., 472. *What is necessary to hold endorser*: 109 S. C., 219; 106 S. C., 472. *Conditions precedent must be pleaded*: Code Proc. 1912, Sec. 212; 74 S. C., 298; 69 S. C., 300; Bliss, Code Pl. (3rd Ed.), Sec. 287, p. 422; 8 C. J., 901, Sec. 1186; 1 Abb. Dec., 423.

*Messrs. L. G. Mayfield, Sawyer & Gyles,* and *R. C. Hardwick,* for plaintiff respondent, cite: *Party can write name on back and be a maker of note*: 56 S. C., 480. *Maker cannot expect demand for payment*: 55 S. C., 435; 103 S. C., 340; 8 C. J., 641. *Notice to one partner is notice to firm.*

September 1, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appeal is from an order of Hon. S. W. G. Shipp, Circuit Judge, overruling demurrers to the first cause of action of the complaint in an action brought by plaintiff as payee to recover upon certain promissory notes. The first cause of action of the complaint will be incorporated in the report of the case.

The demurrers were interposed upon the ground that it affirmatively appears upon the face of the complaint that the defendants, Mrs. E. S. Spires and M. A. Laird, who are the appellants here, are liable, if at all, only in the capacity of endorsers, and that the complaint fails to state a cause of action as against them, in that it is not alleged in said first cause of action that the notes referred to were presented at maturity to the makers, nor that due notice of dishonor was given to said endorsers. We think the question is' to be determined in the light of certain provisions of the Code of Civil Procedure, 1912. Section 212 is as follows:

"In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts showing such performance. In an action or defense founded upon an instrument for the payment of money, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum, which he claims."

In conformity with the express provisions of Section 212, the complaint here sets out copies of the notes, and

alleges that a specified sum upon said notes became due and payable "by the defendants to the plaintiff on the 1st day of October, 1920." Considered in connection with the other provisions of Section 212 to the effect that it shall not be necessary to state the facts showing performance of conditions precedent in a contract, but that a general allegation of due performance shall be sufficient, in connection with the provisions of Section 169 permitting all parties to a note to be included in the same action, and in further connection with the provisions of Section 209, requiring that pleadings shall be liberally construed, we think the allegations of the first cause of action were sufficient to charge the appellants with liability as endorsers. If it be assumed that copies of the instruments set out in the first cause of action disclosed that appellants were indorsers (*Shull v. Gladden,* 109 S. C., 219; 95 S. E., 521; *Norwood National Bank v. Piedmont Publ. Co.,* 106 S. C., 472; 91 S. E., 866) then the allegation that the debt evidenced by the notes became due and payable to the plaintiff by the defendants on a day certain is equivalent, under the express terms of Section 212, to a general allegation of due performance on the part of the plaintiff of all conditions precedent to the fixing of the liability of appellants as indorsers or otherwise. The demurrers were therefore properly overruled. See *Hollings v. Bankers' Union,* 63 S. C., 192; 41 S. E., 90; *Hilburn v. Paysinger,* 1 Bailey, 97.

The order appealed from is affirmed.

Mr. CHIEF JUSTICE GARY and Mr. JUSTICE FRASER concur.

Mr. JUSTICE COTHRAN (concurring in result): I concur in the result upon the ground that the complaint alleges an agreement on the part of the partnership to execute notes for the amounts stated payable at the dates stated, and the fact that the notes were not executed in the apparently agreed form does not prevent maintaining the action

upon the original agreement. I agree to the proposition that under the Negotiable Instruments Act parol evidence is inadmissible to change the status as an indorser of one who places his signature upon an instrument before its delivery to the payee, otherwise than as maker, drawer, or acceptor.

I do not agree to the proposition that, in an action against an indorser as such, it is not necessary to allege the essential elements of his liability, among which are presentment for payment on the day of maturity and prompt notice, as required by the Act, to the indorser of non-payment. There is no reason for a departure from the well-established rule of pleading that whatever must be proven must be alleged; that these facts are necessary to be proved is conceded in the leading opinion.

In *Treadway v. Nicks,* 3 McCord, 195, it is declared:

"The rule is, that it is incumbent on the plaintiffs to state such a case on their record as will clearly show the defendant's liability. Now to charge the defendant, it was indispensably necessary that the order should have been presented to Carr, and that he should have refused to have accepted or had accepted and not paid, and that the defendants should have had notice of the non-acceptance or non-payment by Carr; and this count contains no such averments."

In 8 C. J., 901, it is said:

"Where it is sought to charge the drawer or the indorser, presentment, demand, non-payment, and notice thereof, where conditions precedent to his liability must be substantially alleged, or a sufficient excuse for the omission must be stated."

Mr. Randolph says (Volume 3, § 1204):

"The indorser of a negotiable bill or note is only liable upon receiving due notice of its dishonor. And such notice must be proved, and cannot be presumed to have been given.

And it should be specifically averred in the pleading, and not simply stated as 'due diligence.' "

In Bliss, Code Pl. (3rd Ed.), § 387, it is said:

"Every collateral fact necessary to give effect to the main charge should be stated. * * * Thus notice when necessary to create a liability must be alleged. * * * A demand is sometimes necessary * * * to show a conditional liability by parties to commercial paper. * * * Where the demand is necessary it must be pleaded."

In *Conkling v. Gandall,* *40 N. Y., 228, it is held:

"If it is necessary as against indorser (which it unquestionably is) to establish his liability, to prove a demand of payment and notice of dishonor of the note, it is incumbent upon the pleader to state these facts, otherwise the cause of action is defectively stated."

To the same effect are: *Kennon v. McRae* (Ala.) 3 Stew. & P., 249; *McDougal v. Rutherford,* 30 Ala., 253; *Grace v. McDaniel,* 13 Ark., 394; *Rogers v. James,* 33 Ark., 77; *Jones v. Middleton,* 29 Iowa, 188; *Bosch v. Kassing,* 64 Iowa, 312; 20 N. W., 454; *Bank v. Haden,* 35 Mo., 358; *Jamison v. Copher,* 35 Mo., 483; *Spellman v. Weider* (N. Y.), 5 How. Pr., 5; *Bank v. Gulick* (N. Y.), 8 How. Pr., 51; *Tousley v. Schwind* (Ohio), 1 Clev. L. Reporter, 148; *Peale v. Addicks,* 174 Pa., 543; 34 Atl., 201; *Bank v. Mc-Elfish,* 48 W. Va., 406; 37 S. E., 541; *Burwell v. Gaylord,* 119 Minn., 426; 138 N. W., 685; *Grimes v. Tait,* 21 Okl., 361; 99 Pac., 810; *Shaffer v. Govreau,* 36 Okl., 267; 128 Pac., 507; *Sykes v. Kruse,* 49 Colo., 560; 113 Pac., 1013; *Wisdom v. Bille,* 120 La., 700; 45 South., 554; *Ewald v. Faulhaber,* 55 Misc. Rep., 275; 105 N. Y. Supp., 114; *Security Co. v. Fields,* 110 Va., 827; 67 S. E., 342.

It is conceded that the question is ruled by the provisions of Section 212 of the Code relating to the method permitted of pleading conditions precedent. That section provides that in pleading the performance of conditions

precedent in a contract it shall not be necessary to state the facts showing such performance, but that it is sufficient to state generally that all of the conditions have been duly performed. The conditions precedent in the case at bar are that demand was made upon the payer at the maturity of the note, and due notice of non-payment given to the indorser. There is not a hint in the complaint that the plaintiff recognized the existence of any such condition precedent, and not the semblance of an allegation general or specific that they were fully performed. It is sought to cover this defect in the general statement that the defendants are indebted to the plaintiff; an allegation that would be appropriate as well to their liability as makers. In the case of *Hollings v. Bankers' Union,* 63 S. C., 192; 41 S. E., 90, cited in the leading opinion, there was a general allegation in the complaint that all conditions had been performed, and the Court held that that was sufficient under Section 212. In the case of *Hilburn v. Paysinger,* 1 Bailey, 97, also cited, the action was in the summary process jurisdiction, in which, like actions in Magistrate Court, great liberality of pleading was permitted, and the decision was placed expressly on that ground.