HERBERT SPEAR, Plaintiff, *v.* ASSOCIATED PRODUCING AND REFINING CORPORATION, Defendant.

Supreme Court, New York Special Term, April, 1923.

Pleading — failure to allege consideration for non-negotiable note — failure to allege presentment and non-payment of checks — complaint dismissed.

In an action upon defendant's non-negotiable promissory note the instrument was not pleaded *in hæc verba* but an attempt was made to plead it according to its legal effect. *Held*, that the failure to allege a consideration rendered the complaint fatally defective.

The complaint for a second cause of action upon a check made by defendant to the order of the payee of the promissory note, a copy of which check was set forth with its indorsement and negotiation to plaintiff for value, alleged "that the said check was duly presented for payment, but it was not paid, and no part thereof has been paid, and the plaintiff is the present owner and holder thereof," but there was no allegation of notice of presentment and non-payment to the drawer nor were there allegations tending to excuse failure to give such notice or to show that it was unnecessary. *Held*, that a motion to dismiss the complaint upon the ground that neither of the alleged causes of action states facts sufficient to constitute a cause of action, will be granted, with leave to serve an amended complaint.

MOTION to dismiss the complaint on the ground that neither of the alleged causes of action set forth therein states facts sufficient to constitute a cause of action.

*Robert Spear*, for plaintiff.

*Howard E. Reinheimer*, for defendant.

GIEGERICH, J. The complaint sets forth " for a first cause of action " " that on or about May 13th, 1922, the defendant made and delivered to the Osage Foraker Oil Company its promissory note in writing, whereby it agreed to pay to the Osage Foraker Oil Company the sum of one thousand ($1,000) dollars, four months after date, at Tulsa, Oklahoma; * * * that prior to its maturity the Osage Foraker Oil Company duly indorsed said note and so indorsed it duly came into the hands of the plaintiff for value; * * * that at maturity said note was duly presented for payment and no part thereof has been paid, except the sum of five hundred ($500) dollars," and " that the plaintiff is the present owner and holder thereof." The complaint further alleges, " for

a second cause of action," the making of a check by the defendant to the Osage Foraker Oil Company, a copy of which is set forth, its indorsement and its negotiation for value to the plaintiff, and " that the said check was duly presented for payment, but it was not paid, and no part thereof has been paid, and the plaintiff is the present owner and holder thereof." The defendant moves to dismiss the complaint on the ground that neither of the alleged causes of action set forth therein states facts sufficient to constitute a cause of action. It is contended as to the first alleged cause of action that under section 20 of the Negotiable Instruments Law no instrument is negotiable unless it is payable to " bearer " or " order," and that since it is alleged that the instrument mentioned in the said " first cause of action " is payable to the Osage Foraker Oil Company, and there is no allegation that it was payable to bearer or order, the instrument declared upon is non-negotiable, and hence there is no presumption of consideration (*Owens* v. *Blackburn, No. 1*, 161 App. Div. 827), and that the failure to allege a consideration renders the complaint fatally defective. The plaintiff argues that under the liberal construction of pleadings made possible by the Civil Practice Act the language used in the " first cause of action " is sufficiently comprehensive to sustain a finding that a cause of action upon a negotiable instrument is stated, and further, that even if the court were to find that by reason of the fact that the instrument is non-negotiable the plaintiff is not an innocent holder for value, still, in any event, the Osage Foraker Oil Company could have assigned any chose in action to the plaintiff. It will be noted that the instrument in question is not pleaded *in hæc verba*, but that an endeavor has been made to plead it according to its legal effect. This removes it from the general rule applicable to cases where the instrument is set forth at length in the pleading and where the consideration is presumed, even though the instrument be non-negotiable, from the words " for value received," or words of similar import contained in the instrument itself. It is, therefore, necessary in the instant case to allege a consideration (*Deyo* v. *Thompson*, 53 App. Div. 9; *Kerr* v. *Smith*, 156 id. 807; *Owens* v. *Blackburn, supra; Kinsella* v. *Lockwood*, 79 Misc. Rep. 619), and no rule of liberality of construction can supply this defect. This applies also to the argument regarding the assignment of the instrument as a chose in action to the plaintiff, since if there was no consideration for the original issuance of the instrument there can be no chose in action. As to the second alleged cause of action upon the check it is apparent that the complaint is defective in that there is no allegation of notice of presentment and non-payment to the drawer (*Ewald* v. *Faulhaber Stable Co.*, 55

Misc. Rep. 275; *Goodwin* v. *Cobe*, 24 id. 389), nor are there any allegations tending to excuse the failure to give such notice or to show that it was unnecessary. *Cassel* v. *Regierer*, 114 N. Y. Supp. 601. For the reasons above stated the motion to dismiss the complaint upon the ground that no facts sufficient to constitute a cause of action are alleged in the several alleged causes of action thereof should be granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of the order to be entered hereon upon his attorney, with notice of entry thereof, and on payment of such costs. Settle order on notice.

Ordered accordingly.