GRIMES v. TAIT.

No. 2058, Okla. T.  Opinion Filed June 22, 1908.

(99 Pac. 810.)

1.  **BILLS AND NOTES—Action Against Indorsee—Pleading—Petition.** In an action upon a promissory note by an indorsee against an indorser, the petition must allege notice of dishonor by the maker, or such facts as excuse a notice of dishonor.

2.  **BILLS AND NOTES—Action by Indorsee—Notice to Maker.** The insolvency of the maker of a promissory note is no excuse for the the failure of the indorsee to give notice of such dishonor to the indorser when notice of dishonor is required.

3.  **BILLS AND NOTES—Action By Indorsee—Notice to Indorser—Evidence.** In an action by an indorsee against an indorser of a promissory note, when defendant's answer, which was not verified, contains a general denial of all the allegations of plaintiff's petition, held, that under section 4312, Wilson's Rev. & Ann. St. Okla. 1903, the allegations of the execution of the note and the indorsement thereon will be taken as admitted, but, that plaintiff is not released from proving notice to the indorser of the dishonor of the instrument by the maker or of facts excusing failure to give such notice.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action on contract of indorsement by M. D. Tait against R. H. Grimes. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

This action was brought by M. D. Tait, defendant in error (plaintiff below), against R. H. Grimes, plaintiff in error (defendant below), as indorser of two certain promissory notes. Plaintiff filed an amended petition, to which· defendant filed a general demurrer on the ground that the petition failed to state facts sufficient to constitute a cause of action, which demurrer the court overruled, and defendant excepted. Defendant thereupon filed his answer, to which plaintiff filed a reply, and the court rendered judgment on the pleadings in favor of plaintiff, to which action of the court defendant excepted and appealed the case to the Supreme Court of the territory of Oklahoma from which court the case comes to this court under the provisions of the enabling act.

. The matters alleged in plaintiff's amended petition were that the notes sued upon were executed to the defendant by the Tait Milling Company and Braymer Milling Company; that defendant for a valuable consideration in the· usual and ordinary course of business sold, assigned, indorsed, and transferred said notes to plaintiff. Copies of the notes were attached to plaintiff's amended petition as exhibits, and are as follows:

Exhibit B:

"$540.00.   December 28, 1894.   Two years after date for value received, we promise to pay to the order of R. H. Grimes five hundred & forty and no/100 dollars.   Negotiable and payable without defalcation or discount and with interest from date at the rate of 8 per cent. per annum, and if the interest be not paid annually to become as principal, and bear the same rate of interest. Tait Milling Co. Braymer Milling Co." Indorsed: "Pay to the order of M. D. Tait.   R. H. Grimes."

Exhibit A:

"$520.00   May 2, 1895.   Two years after date we promise to pay to the order of R. H. Grimes or order five hundred & twenty dollars for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of 8 per cent. per annum, and if the interest be not paid annually to become as principal, and bear the same rate of interest.   Tait Milling

Co., by John Tait." Indorsed: "Pay to the order of M. D. Tait. R. H. Grimes."

Plaintiff alleges that the makers of the notes and the defendant indorser have wholly failed, neglected, and refused to pay the same or any part thereof; that at the time of the maturity of the notes the said Tait Milling Company and Braymer Milling Company, both of which were partnerships composed of R. D. Tait and John Tait, were each and all insolvent, and that such facts were well known to defendant; and that a presentation of the notes to Tait Milling Company or to Braymer Milling Company or to R. D. Tait or John Tait or to any of them would have been a useless formality and altogether fruitless.

Defendant answered in three paragraphs, by the first of which he denies each and every allegation of plaintiff's petition. By the second he alleges that the notes sued upon were assigned and delivered by him to plaintiff before maturity as part payment of the purchase price of a certain flouring mill. By the third and fourth paragraphs of the answer, he alleges that at the time of his assigning the notes to plaintiff and of his indorsing the same it was agreed and understood between himself and plaintiff that plaintiff was to look to the principal makers of said notes for payment thereof, and that defendant was to be relieved from any liability by virtue of his indorsements of said notes, and that the words "without recourse" had been omitted from the indorsements by mistake.

*P. S. Nagle* and *Lee M. Gray*, for plaintiff in error.
*Stevens & Miller*, for defendant in error.

HAYES, J. (after stating the facts as above). Plaintiff in error's petition presents for the consideration of this court the action of the trial court in rendering judgment on the pleadings and in overruling defendant's demurrer to plaintiff's amended petition. It will be observed that nothing appears in the notes to indicate the place of their execution or the place of payment, nor is there anything in the notes or in the allegations of plaintiff's pe-

tition or of defendant's answer that indicates the residence of any of the parties to the notes or of the endorser at the time of the execution of the notes or at the time of the bringing of this suit.

This is an action upon defendant's indorsements of the notes rather than upon the notes themselves. The contract of indorsement is not the same contract nor necessarily governed by the same laws as the contract between the makers and payee of the notes. The indorser is bound by the law of the place of indorsement. 1 Daniel on Negotiable Instruments, par. 899. In the absence of proof or allegations as to where the indorsement was actually made and where the residence of the indorser is shown, it will be presumed to have been made at the place of the residence of the indorser. *Simpson v. White*, 40 N. H. 540. But in the case at bar the residence of the indorser is not shown by the pleadings upon which the court acted. In an action upon a promissory note, it is not necessary to allege the place where such instrument was executed, except where it is necessary to recover to show that the instrument sued upon was executed in another jurisdiction (14 Ency. Plead. & Prac. 493) ; and, where the contrary is not shown, it will be presumed that the note was executed in the state where suit is brought (*Farhni v. Ramsee,* 19 Ind. 400 ; *Clark v. Cary,* 63 Ind. 105). If plaintiff relied upon the laws of any foreign jurisdiction for recovery on the notes, since the notes neither disclosed the place of their execution nor the place of payment, it would have been necessary to plead the place of execution of the notes in controversy. Plaintiff has proceeded in this action upon the allegations of his petition to enforce his rights under the laws of the territory of Oklahoma, and has effectually treated the notes sued upon as domestic notes, and defendant in his answer for his defense does not rely upon any rights under the statutes of any foreign state, and, the notes with the contract of indorsement thereon having been treated by the parties to the suit in their pleadings as a contract of the territory of Oklahoma, the court should treat them likewise, and, in determining the rights of the

parties thereunder, should apply the laws of the territory of Oklahoma governing such instruments.

The obligations of an indorser of a negotiable instrument are fixed by section 3615, Wilson's Rev. & Ann. St. Okl. 1903, which provides:

"Every indorser of a negotiable instrument warrants to every subsequent holder thereof who is not liable thereon to him: First. * * * Second. * * * Third. * * * Fourth. That, if the instrument is dishonored, the indorser will, upon notice thereof duly given him, or without notice, where it is excused by law, pay the same in full, with interest, unless. * * * *"

The conditions that will excuse failure to give notice of the dishonoring of a negotiable instrument are enumerated in section 3645, Wilson's Rev. & Ann. St. Okla. 1903, as follows:

"First: When the party by whom it should be given cannot, with reasonable diligence, ascertain either the place of residence or business of the party to be charged: or, Second: When there is no postoffice communication between the town of the party by whom the notice should be given and the town in which the place of residence or business of the party to be charged is situated; or, Third: When the party to be charged is the same person who dishonors the instrument; or, Fourth: When the notice is waived by the party entitled thereto."

There is no waiver of demand of payment, protest, or notice of protest, or of dishonor in the notes sued upon, nor is it pleaded in the plaintiff's petition that notice of dishonor by the makers of the notes sued upon was ever given to the defendants. Such allegations were necessary to plaintiff's right of recovery. In an action against an indorser of a negotiable instrument, it is necessary to allege that the indorser had notice of the dishonor of the instrument, and failure to make such allegations renders the complaint demurrable (14 Ency. Plead. & Prac. 548-550) ; but, in the absence of such allegations, plaintiff may allege facts excusing such notice. This plaintiff undertook to do in the case at bar by alleging that the makers of the notes at the maturity thereof were insolvent, and that such facts were known to the defendant. But these facts under section 3645, supra, do not constitute an excuse

for failure to give notice of dishonor, and such is the rule under the great weight of authorities. 2 Daniel on Negotiable Instruments, pars. 1171, 1172, and such fact is not an excuse for failure to give notice, although the indorser had knowledge of the insolvency of the maker. *Brown v. Ferguson,* 4 Leigh (Va.) 37, 24 Am. Dec. 707; *Citizens' National Bank v. Third National Bank,* 19 Ind. App. 69, 49 N. E. 171. Therefore the facts alleged in plaintiff's amended petition were not sufficient to entitle him to recover against the defendant, and this deficiency was not supplied by the allegations of the defendant's answer and the court erred in rendering judgment upon the pleadings; and, for the reason that plaintiff's petition alleged no notice of dishonor, and did not allege facts excusing failure of such notice, the court erred in overruling defendant's demurrer.

If insolvency of the maker at the time of the maturity of the notes in controversy had been an excuse for failure to give notice to the indorser, this case would still have to be reversed. Defendant's answer is not verified, and he thereby admits the execution and indorsement of the notes sued upon (Wilson's Rev. & Ann. St. 1903, § 4312); but by the first paragraph of his answer he makes a general denial of all the allegations of plaintiff's petition. Such general denial as before stated, without being verified, is not effective under the statute for the purpose of denying the execution of the notes and the indorsement thereon, and such failure to verify the answer relieves the plaintiff from the necessity of proving the execution of the instrument and the indorsements, but it does not relieve the plaintiff from the necessity of proving the other material averments of his petition, one of which would have been to prove notice of dishonor, and, if the facts alleged by plaintiff in his amended petition had constituted an excuse for failure to give notice of dishonor, the burden of proving such facts would have been upon him under the denial of defendant's answer, for defendant could make such defenses thereunder, except to deny the execution of the notes and of his indorsement thereon, as he might have made had the section of

the statute above referred to not been enacted. 14 Ency. Plead. & Prac. 602.

For the reasons herein stated, the judgment of the trial court is reversed, and the cause remanded for proceedings in conformity with this opinion.

All the Justices concur.