## SHAFFER v. GOVREAU.

### No. 2276.   Opinion Filed November 26, 1912.

### (128 Pac. 507.)

1. **BILLS AND NOTES—Actions—Petition.** A petition, in an action on a negotiable promissory note against the indorser thereof, which fails to allege, either that the indorser had been notified of its dishonor, or facts excusing a failure to give notice, is defective.

2. **PLEADING—Objections—Waiver—Pleading Over.** Where a petition, in an action against the indorser on a note, is defective for failure to allege notice of dishonor, or facts excusing a failure to give such notice, but the indorser answers, setting up a failure to give notice, and the plaintiff replies, alleging facts which excuse the failure to give notice, and the case is tried upon the issues thus joined, the defects in the petition are cured.

3.    **APPEAL AND ERROR** — Review — Harmless Error — Order of **Proof.** Where both parties have full opportunity to offer their evidence on the only material issue, and the great weight of the evidence supports the judgment, it should not be reversed because the evidence was not introduced in the proper order, or because the court was mistaken as to which party had the burden of proof.

(Syllabus by Rosser, C.)

*Appeal from Washington County Court;*
*A. T. Dumenil, Judge.*

Action by Joseph P. Govreau against W. B. Shaffer. Judgment for plaintiff, and defendant appeals. Affirmed.

*George S. Hill,* for plaintiff in error.

*Charles W. Pennel,* for defendant in error.

Opinion by ROSSER, C.   This is an appeal from the county court of Washington county. This action was brought by Joseph P. Govreau against W. B. Shaffer and Charles Ballard, before a justice of the peace of Bartlesville township, Washington county, on a promissory note for $30, signed by Charles Ballard to W. B. Shaffer, and by him indorsed and delivered to plaintiff, for value and before maturity. The petition failed to allege that the plaintiff had notified the defendant, Shaffer, of the nonpayment or dishonor of the note. Shaffer demurred to the petition, because it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled. This action of the court is assigned as error.

The petition was defective, in that it failed to allege that the plaintiff had notified the defendant of the dishonor of the note, or facts which would excuse the plaintiff for failing to give notice. *Grimes v. Tait,* 21 Okla. 361, 99 Pac. 810. The defendant, however, did not stand upon his demurrer, but filed an answer, in which he alleged that the plaintiff had failed to give him notice of the nonpayment or nonacceptance of the note, and that by reason of such failure he was not liable. To this answer plaintiff filed a reply, in which he alleged facts sufficient to justify the failure to give notice of the nonpayment of the note, and the case was tried upon the issues thus tendered. Merely filing a

general denial to a defective petition does not waive the defects therein or the grounds of a general demurrer. *Love v. Cavett,* 26 Okla. 179, 109 Pac. 553; *Clinton Cemetery Ass'n v. McAttee,* 27 Okla. 160, 111 Pac. 392, 31 L. R. A. (N. S.) 945. But where the defendant goes further and pleads the nonperformance by plaintiff of the conditions which it was necessary for the plaintiff to perform, and where the issues are thus tendered and tried, the grounds of the demurrer are waived. *American Ins. Co. v. Rodenhouse, ante,* 128 Pac. 502; *Hegard v. California Ins. Co.* (Cal.) 11 Pac. 594; *Patterson v. M., K. & T. Ry. Co.,* 24 Okla. 747, 104 Pac. 31; *Grandstaff v. Brown,* 23 Kan. 175.

The plaintiff offered the note in evidence, proved its non-payment, and rested. The defendant objected to this procedure, but does not seem to have filed a demurrer. At any rate, he did not stand upon his objection, but offered evidence for the purpose of showing that no notice had been given him of the dishonor of the note. At the close of his evidence plaintiff offered counter-evidence tending to show that he used diligence to find the whereabouts of the defendant, and was unable to do so, and was for that reason excused. Both parties had ample opportunity to offer their evidence upon this proposition, and the court found for the plaintiff.

It is urged by the defendant that the court improperly placed the burden upon him of showing that the plaintiff had no lawful excuse for failure to serve notice of dishonor upon him. The burden was on the plaintiff, and the court did not follow the correct procedure, and were this a jury case it should be reversed. But the case was tried to the court without the intervention of a jury, and should not be reversed for the failure to comply with the strict rules of procedure. The evidence shows conclusively that for some time before and after the note was due defendant was out of the state, and that plaintiff made diligent inquiry of various people to ascertain his whereabouts, and was unable to do so. The great weight of the evidence sustains the finding that the plaintiff was excused for failing to give notice.

The case should be affirmed.

By the Court: It is so ordered.