## CLARK v. SALLASKA.

No. 9235—Opinion Filed July 30, 1918.

(174 Pac. 505.)

**1. Bills and Notes—Special Warranty by Payer—Sufficiency of Petition.**

A petition which sets forth a special warranty made by the payee of a promissory note at the time of transferring the same, but does not allege a breach or failure of such warranty, does not state a cause of action against the payee.

**2. Same—Liability of Payee—Sufficiency of Petition.**

An allegation in the petition of plaintiff, in a suit on promissory notes against the maker thereof, in which it is sought also to enforce liability against the payee who transferred such notes, that at the time of the sale and transfer the payee represented to the plaintiff that there was absolutely nothing wrong with the notes, and that there were no defects and infirmities about them, or any equities existing between the payee and the maker, does not state grounds for action against the payee, unless there is a further allegation setting out defects, infirmities, or equities so existing.

**3. Evidence—Transfer of Notes — Action Against Payee.**

In case a note has been indorsed by the payee for the purpose of being used as collateral and afterwards, on the payment of the principal debt, the note is returned to the payee and he sells and transfers the same to another, who afterwards brings suit thereon against the maker and the payee, it is competent to show the facts as to such indorsement, and that. as a part of the contract made and executed at the time of the sale and transfer, the liability of the payee as indorser was, by executed oral contract, limited so as to extend only as to a warranty against equities between the maker of the note and the payee.

**4. Bills and Notes—Waiver of Presentment and Notice of Protest — Notice of Dishonor—Pleading and Proof.**

A provision in a promissory note waiving presentment for payment, notice of payment, protest and notice of protest is sufficient to relieve the holder of the note, who brings action against an indorser thereon from pleading and proving notice of dishonor.

**5. Appeal and Error—Assignment of Error —Review.**

In the trial court judgment was rendered against the defendant who, as shown by the files in the office of the court clerk, duly filed motion for new trial within three days from the rendition of the judgment. Afterwards the plaintiff filed motion to strike the motion for new trial for the alleged reason that the files did not speak the truth, and that the motion for new trial was not filed within the time required by law, which motion to strike the trial court overruled. The motion for new trial was also overruled, and defendant appeals, but the plaintiff does not assign any error. Held that, in the absence of error duly assigned by the plaintiff, the action of the trial court in overruling the motion to strike cannot be considered by this court.

(Syllabus by Stewart, C.)

Error from County Court, Custer County; Oscar E. Houston, Judge.

Action by J. J. Sallaska against J. Johnson and H. H. Clark. Judgment against defendants, and defendant H. H. Clark brings error. Reversed with directions.

T. W. Jones, Jr., for plaintiff in error.

Eugene Forbes and A. E. Darnell, for defendant in error.

Opinion by STEWART, C. The plaintiff brought action against the defendant on two promissory notes made by the defendant J. Johnson, payable to the order of the defendant H. H. Clark, and by the payee transferred after maturity to the plaintiff, alleging as a cause of action against the payee:

"That at the time of the sale and transfer of said notes by said H. H. Clark to this plaintiff, the said H. H. Clark represented to this plaintiff that there was absolutely nothing wrong with the said notes, and that there were no defects or infirmities about them, nor any equities existing between the said H. H. Clark and the said defendant J. Johnson, maker of the notes."

It is nowhere alleged that the notes were indorsed by H. H. Clark, or that any of the representations alleged to have been made by the said H. H. Clark had failed or were in any respect untrue. Each of the defendants was duly served with summons and, defendant J. Johnson defaulting, the court, on request of the plaintiff, rendered judgment against Johnson for the full amount due on said notes. The defendant H. H. Clark filed separate demurrer, on the ground that the

petition did not state a cause of action against him, which demurrer was by the court overruled, exceptions being preserved. Thereafter he filed separate answer, and on a hearing before the court without a jury judgment was rendered in favor of the plaintiff and against the defendant H. H. Clark for the same sum as the judgment theretofore rendered against the maker of the notes. The judgment against Clark shows on its face to have been rendered November 23, 1916, motion for a new trial having been filed by Clark on November 25, 1916. The plaintiff filed motion to strike the motion for a new trial from the files for the alleged reason that the same was not filed within three days after the rendition of the judgment. On the same day the plaintiff also filed what was styled application for order. nunc pro tunc to correct the record, and show that the judgment was rendered on the 15th day of November, 1916, and not on the 25th day of such month. The court overruled both of the motions of the plaintiff. The motion for new trial was also overruled, and the defendant H. H. Clark duly appeals. The plaintiff did not appeal, and has assigned no error in this court. The defendant Clark urges as error: (1) The overruling of his demurrer to the petition: (2) The overruling of his demurrer to plaintiff's evidence; (3) overruling his motion at the close of the testimony for judgment against the plaintiff in favor of the defendant.

From a careful reading of the petition we are at a loss to understand upon what theory the pleader expected to establish liability on the part of Clark. It is not alleged that Clark in due course before maturity indorsed the notes, or that he indorsed the notes at all, it being only alleged that he guaranteed that the notes were without defects, infirmities, or equities existing between the maker and the payee. an allegation which was wholly unnecessary, in that under section 4115, Rev. Laws 1910, such warranty would be implied by a transfer of the notes by delivery, and need not have been expressed either orally or in writing. Before, however, a cause of action would lie against Clark on account of a breach of warranty, either express or implied, it would be necessary for there to be an allegation in the petition, showing that the warranty had failed in some material respect to the plaintiff's damage. There are no allegations which, either in terms or by intendment, meet this necessary prerequisite. The action is not lodged against Clark as an indorser. but it is sought to make him liable merely because of the representations alleged to have been made and without an averment that they are untrue or have failed. We are therefore inclined to hold that the court was not in error in overruling the demurrer to the petition of plaintiff, unless it may be said that the petition was not vulnerable to a general demurrer, for the reason that copies of the notes were attached to and made a part of the petition, and that the first note shows to have been indorsed without qualification. Credits on the note at the time of the transfer from Clark to the plaintiff, about which there is no dispute either in the pleadings or in the evidence show that the entire principal of the first note, and also a portion of the interest, had been paid at the time of such transfer. The second note does not bear the indorsement of Clark, but it might be contended, with some show of merit, that the petition states a cause of action for the slight balance due on the first note, and that therefore a general demurrer would not lie. The plaintiff in error, however, calls attention to Grimes v. Tait, 21 Okla. 361, 99 Pac. 810, and to Shaffer v. Govreau, 36 Okla. 267, 128 Pac. 507, as holding that:

"In an action upon a promissory note by an indorsee against an indorser, the petition must allege notice of dishonor by the maker or such facts as excuse a notice of dishonor."

And in this connection it is suggested that the petition does not contain such an allegation. We do not take issue with counsel, nor with the authorities cited, but, on examination of the notes, we find that they each contain a waiver of presentment for payment, notice of payment, protest, and notice of protest. Such waiver incorporated in the note is binding upon the makers and indorsers, and hence constitutes sufficient reason to excuse notice of dishonor. The petition, though defective, might therefore be construed to state a cause of action as to the balance due on the note, which shows to have been indorsed if it were not for other averments in the petition. From the petition itself we discover that the notes were in the bank at the time of the transfer; that no indorsements were made at such time by Clark, but that he merely ordered the bank to deliver such notes to the plaintiff. It is the settled law of this state that a written contract may be altered by a subsequent oral contract. The petition shows that the contract between Clark and the plaintiff was executed and was oral; that as a part of such contract the extent of Clark's liability on the notes was agreed upon; that is to say, that any warranty that might be im-

plied from the written indorsement previously made was limited to defects, infirmities, and equities existing between him and the maker of the note. The fact that the plaintiff in his petition pleaded such as the only warranty which Clark made and the only liability which he assumed in making the transfer excludes the plaintiff from any claim that Clark is liable because of the previous indorsement made by him. It was perfectly proper and lawful in making the contract with the plaintiff for Clark, by express agreement, to relieve himself from the legal effect of the indorsement previously made by him. If the indorsement had been made at the time of the transfer of the notes from Clark to the plaintiff, the parol agreement would have become merged in the legal effect of indorsement, the same amounting in law to a contract in writing which could not be varied by a prior or collateral parol agreement. But the indorsement having been made in the past, the executed parol contract affecting the same pleaded by the plaintiff was binding and effective. We conclude that the petition does not state a cause of action against Clark, and that the demurrer thereto should have been sustained.

Nor does the evidence introduced show any ground for relief against Clark. There is no evidence of any outstanding defects. infirmities, or equities existing between Clark and the maker of the notes, and nothing to show that the validity of the notes was in any sense impaired. The plaintiff is not shown to have been damaged by any act or representation of Clark. The record shows that he obtained a judgment against Johnson, the maker of the note, for the full amount due thereon. It may be that the judgment against Johnson is not collectible; but, unless Clark can be made liable as an indorser, the plaintiff is without remedy as against Clark, and there is certainly nothing in the pleadings or in the evidence showing any such liability on the part of Clark. The evidence shows that the indorsement made on the first note was made by Clark at a time when he pledged such note to the bank as collateral for his own obligation; that the other note had been merely placed in the bank for safekeeping; that, the principal obligation for which the first note was collateral having been settled with the bank, the title and the constructive possession of each of the notes became again vested in Clark. Not having indorsed the second note, in no event could he be held liable for the payment of the same and for the reasons set forth in plaintiff's petition he could not be held

liable as an indorser for the balance due on the first note. The plaintiff in his testimony makes the following admissions:

"Q. Did he (Clark) or not say anything about indorsing the notes at the time he transferred them to you? A. No. Nothing was said about it. Q. Did he (Clark) ever refuse to indorse the notes? A. I never asked him to. Q. Anything mentioned about he would guarantee the payment of this (the notes)? A. No, sir. Q. Nothing said about that either? A. No, sir."

While the plaintiff is concluded by his pleading as to the contract made between him and Clark, yet it is apparent from the testimony in the case that plaintiff's predicament was not brought about by the careless pleading of his attorney. Clearly, according to the plaintiff's own testimony, Clark did not intend, and the plaintiff did not expect him to warrant or guarantee payment of the notes at the time the trade was made. The defendant Clark was entitled to judgment in his favor.

The plaintiff argues that the court should have stricken the motion for a new trial from the files, but as the plaintiff has not appealed from the action of the trial court or made any cross-argument of error, this court cannot consider any objection urged to the overruling of plaintiff's motion to strike. The action of the trial court on such motion has become final.

This cause is reversed, with directions to set aside the judgment rendered against the defendant H. H. Clark, and to render judgment in his favor and against the plaintiff, and that the judgment against the defendant J. Johnson be allowed to stand as rendered.

By the Court: It is so ordered.