## WHITAKER v. BRUNER et al.

No. 5052—Opinion Filed Sept. 10, 1918.

(175 Pac. 238.)

(Syllabus.)

**Pleading — Petition — Inadvertent Omission — Effect.**

In an action by the holder against the maker and indorser of a promissory note, neither the original nor amended petition alleged notice of dishonor to the indorser, or facts excusing a failure to give notice. In a trial before the court, objection was made to the introduction of any testimony on the ground that the petition failed to state a cause of action against the indorser. The objection was sustained and judgment ordered in favor of such defendant. Immediately thereupon, and almost contemporaneously therewith, the note which contained a waiver of notice of nonpayment and protest by the makers, sureties, indorsers, and guarantors was offered in evidence. Held, that the omission of the petition being clearly an in-

advertence of the scrivener in copying the note (which was set forth at length in the body of the petition), the court should, in the interest of justice, have treated the petition as amended and vacated its order directing judgment in favor of the indorser.

Kane, Miley, and Rainey. JJ., dissenting.

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Charles Whitaker against Joseph Bruner and H. C. Miller. Judgment against Bruner and in favor of Miller, and Whitaker brings error. Reversed and remanded.

Burke & Harrison, for plaintiff in error.

Hughes & Miller, for defendant in error Miller.

SHARP, C. J. The petition in this case attempted to declare upon a promissory note against Joseph Bruner, maker, and H. C. Miller, indorser. It is very defective notwithstanding the effort made to amend. If the case stood in this court upon the sufficiency of the petition alone we would without hesitation affirm the judgment of the trial court. In view, however, of the somewhat unusual situation presented by the record, we are of the opinion that the case should be reversed for the following reasons: Defendants Bruner and Miller filed separate answers and were represented in the trial court by different attorneys. On the call of the case for trial counsel for defendant Bruner failed to appear. It appears that he had previously notified the court that he would not be present, and that the case might be proceeded with on the day set for trial. Counsel for defendant Miller objected to the introduction of any testimony on the part of plaintiff on the ground that the petition failed to state a cause of action against said defendant. The objection was sustained. Thereupon plaintiff obtained leave of court to amend his petition, which amendment was filed on the same day. Thereupon, after the amended petition filed, the defendant Miller again objected to the introduction of any testimony under the amended petition, which objection was by the court sustained. Miller then asked that judgment be rendered in his favor for costs, which the court accordingly ordered. Plaintiff then proceeded to introduce the note and deed, the subject-matter of the controversy. The record discloses that these instruments were offered in evidence without objection on the part of defendant Miller, and that thereupon both plaintiff and defendant each announced that they rested their case. Not-

withstanding the previous order of the court directing judgment in favor of Miller at the outset of the trial, the court announced that judgment would be rendered for plaintiff, "except as to Hall C. Miller." Neither the original nor amended petitions alleged notice of dishonor or facts excusing a failure to give notice. It was the omission of this material averment both from the original and amended petition that the defendant Miller relied upon both by his demurrer and in the objection to the introduction of any evidence against him. Thus far the proceedings were without error, for as we have already stated, the petitions were fatally defective. Grimes v. Tait. 21 Okla. 361, 99 Pac. 810; Shaffer v. Govreau, 36 Okla. 267, 128 Pac. 507.

Immediately following the court's action in sustaining defendant Miller's objections to the introduction of evidence, and while his counsel were present, plaintiff introduced the note sued no which disclosed not only a waiver of presentment of payment, notice of nonpayment, protest, and diligence in bringing suit against the makers, sureties, and guarantors, but against the indorsers as well. In the original petition plaintiff had copied into the body of his petition the note which purported to limit the waiver of the makers, sureties, and guarantors, while the note offered in evidence, and the genuineness of which is not here put in issue, expressly extended the waiver to "the makers, sureties, indorsers, and guarantors." As counsel for defendant Miller were present during the very brief proceeding necessary to introduce in evidence in the trial before the court the note and mortgage , and made no objections thereto, and announced that they had no evidence to offer, and as it immediately became apparent that the note in fact contained a waiver of presentment for payment, notice of nonpayment and protest, the court, in the interest of justice, should have treated the petition as amended to meet the objection, as by the waiver of notice of protest it was unnecessary to notify the indorser (defendant Miller) of the dishonor of the note. Presentment for payment may be dispensed with: (1) Where, under the exercise of reasonable diligence, presentment, as required by chapter 49, Rev. Laws 1910, cannot be made: (2) where the drawee is a fictitious person; (3) by waiver of presentment, expressed or implied. Section 4132, Rev. Laws 1910. As it appears the whole proceedings were contemporaneously had and while counsel for Miller were present in court, and that the note was offered in evidence without objection on their part, and as it seems

clear that the ommission to include the word "indorser" in the petition was due to inadvertence, it was error at that stage of the proceedings for the trial court to enter final judgment in favor of Miller. As the defendant Miller should have the opporunity to try out the issue of his liability, that right should be accorded him upon a further trial.

For the reasons stated, the judgment of the trial court in favor of the defendant Miller is reversed, and the cause remanded for further proceeedings not inconsistent with this opinion.

All of the Justices concur, except KANE, MILEY, and RAINEY, JJ. dissenting.