## BAILEY et al. v. PLUMBERS SUPPLY CO.

No. 16193—Opinion Filed March 23, 1926.

### Bills and Notes—Liability of Indorser—Parol Agreement as Defense.

One who indorses a negotiable note in due course cannot set up a parol agreement as a defense against it to the effect that the indorsement was merely to transfer title and no liability should be incurred thereby.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; James I. Phelps, Assigned Judge.

Action by Plumbers Supply Company against John D. Simmons, J. H. Cameron, and A. Bailey on note. Judgment for plaintiff, and defendants Cameron and Bailey appeal. Affirmed.

Bailey E. Bell and Frank Hickman, for plaintiffs in error.

G. C. Spillers, for defendant in error.

Opinion by THREADGILL, C. The record discloses that on January 10, 1924, the defendant in error, Plumber Supply Company, as plaintiff, commenced this action against A. Bailey and J. H. Cameron, copartners, doing business under the name of Southern Plumbing Company, plaintiffs in error, and

John D. Simmons, as defendants, to recover on two promissory notes. The parties will be referred to as they appeared in the trial court.

The notes were made and executed to the Southern Plumbing Company by John D. Simmons on July 5, 1923, and thereafter, before maturity and in due course, were indorsed by said Southern Plumbing Company to the said plaintiff. There were two counts in the amended petition. The first described the note for $684.70, with interest at 8 per cent. per annum from date until paid, and the second for $1,000, with same rate of interest as first, and 10 per cent. on both for attorney's fees. The first note was due and payable 15 days after date, and the second 60 days after date. The petition pleaded the indorsement, and stated that plaintiff was the owner and holder of said notes in due course, and that they were wholly due and unpaid, and asks for judgment. Copies of the notes were attached to the petition, and they show the indorsement of "Southern Plumbing Co., by J. H. Cameron." John D. Simmons made default, and judgment was rendered against him for the full amount of the notes. The defendants A. Bailey and J. H. Cameron filed their amended answer, which consisted, first, of a general denial, and, secondly, they admit the execution of the notes and the indorsement, and then they plead that on July 5, 1923, John D. Simmons was indebted to them in the sum of $1,849.20, for which they had the right to a mechanic's lien against his property, and that they were indebted to plaintiff for this amount, plus $164.50; that they had an agreement with the plaintiff that they were to take the notes from John D. Simmons for the amount he owed them. and transfer the notes to the plaintiff by indorsement, and that their indorsement was only for the purpose of transferring the title of the notes to the plaintiff. and it was agreed that they were not to be liable as indorsers; that upon this agreement the notes were transferred to the plaintiff and the defendants paid to it the $164.50, and they were not liable on said notes. There was a supplement to this answer, in which the defendants pleaded that by reason of the agreement in transferring the said notes to plaintiff, they lost their right to enforce payment of their debt against Simmons by filing their lien, and since that time the said John D. Simmons has become insolvent. The plaintiff moved to strike all that part of the defendants' answer relative to the agreement that they were not to be liable on said notes as indorsers, and this motion was sustained,

and defendants excepted. The cause was tried to a jury, and at the close of defendants' evidence plaintiff demurred to the evidence on the ground that same was not sufficient to constitute a defense, and the court sustained the demurrer, discharged the jury, and rendered judgment for plaintiff. Defendants contend that they had a right to the defense that it was agreed at the time they indorsed the notes, that it was only for the purpose of transferring the title, and not for the purpose of obligating themselves as indorsers.

The question decisive of the appeal is whether or not an indorser of a negotiable note in due course can set up a parol agreement as a defense against it, to the effect that the indorsement was merely to transfer title and no liability should be incurred thereby. Our court is committed to the rule that an indorser of a negotiable instrument in due course cannot defend against it by pleading or proving a parol agreement absolving him from liability. In the case of Grant v. First State Bank, 96 Okla. 245, 221 Pac. 769, the court approves the rule stated in 4 A. L. R. 772, as follows:

"The indorser cannot show by parol an agreement that he should indorse the instrument merely to transfer title to the indorsee, and should not incur any liability thereon."

This case also approves the rule announced by the Supreme Court of Kansas in Blair v. McQuary, 189 Pac. 948, which is as follows:

"Prior or Contemporaneous Statements Cannot Affect Note or Indorsement. The rule is once more followed that prior or contemporaneous conversations or oral statements cannot be used to overturn or impair the obligations of a promissory note or its indorsement."

A review of the cited cases in the note in 4 A. L. R. 765, shows that the great weight of authority supports the rule as announced in the Kansas case. But defendants contend that this agreement not to be liable as indorsers, included the agreement that the notes were to be in full satisfaction of their indebtedness to the plaintiff upon payment of the balance in the sum of $164.50, in cash, which they paid by check on same day they indorsed and transferred the notes, and since the payment by check was an executed agreement as to part of the indebtedness represented by the notes, that this would take the case out of the rule requiring that a change in a contract in writing can be shown only by a contract in writing. They cite the case of Clark v. Salaska, 70 Okla. 293, 174 Pac. 505, but we fail to see the application. This case was one in which Clark,

the payee of two notes, indorsed one of them and placed both of them in the bank as collateral security, and thereafter when he had satisfied the bank, he transferred them to plaintiff by requesting the bank to deliver them to the plaintiff, which was done without any indorsement for that purpose, and plaintiff in bringing his suit against the payee, Clark, and the maker, Johnson, alleged that at the time the notes were transferred to plaintiff the payee represented that they were without defects or infirmities, and that there were no equities existing between the payee and maker of the notes. Judgment went against the payee as well as the maker of the notes. The judgment was reversed as to the payee on the ground that the petition failed to state a cause of action, for the reason that it pleaded that the payee represented there were no defects or infirmities in the notes or equities existing between the payee and the maker, but it failed to set out any defects, infirmities or equities, contrary to the representations made, and the court further held in the case, that where an indorsement was placed upon a note for the purpose of making it collateral to one party, and afterward the collateral is satisfied and the note transferred to another party, and issues joined as to whether or not the indorsement was made to the party it is transferred to, it is competent to show the facts as to such indorsement, but it is not held that it is competent to show the purpose of the indorsement by parol evidence, where it is conceded that the transfer was made by indorsement. The court says:

"If the indorsement had been made at the time of the transfer of the notes from Clark to the plaintiff, the parol agreement would have become merged in the legal effect of indorsement, the same amounting in law to a contract in writing which could not be varied by a prior or collateral parol agreement."

We must therefore hold that the court committed no error in sustaining the motion to strike the defense of the parol agreement from the petition, and in refusing to allow defendants to prove the parol agreement of nonliability, and since defendants' evidence did not show any lack of consideration, the court committed no error in sustaining the demurrer to the evidence and in rendering judgment for the plaintiff.

Finding no error in the record, the judgment of the trial court is hereby affirmed.

Defendants, in taking appeal to this court, executed and filed a supersedeas bond in the sum of $4,500, with Geo. F. Deck and R. R. Philbrick as sureties, conditioned to pay the judgment rendered on September 18, 1924, in the sum of $2,062.19 and costs, in case the judgment or final order should be adjudged against them, and plaintiff has called attention to this bond in its brief, and has asked for judgment against the sureties. We think the plaintiff is entitled to such judgment. It is therefore adjudged, ordered, and decreed that the plaintiff have and recover of and from the said sureties on the said bond in the sum of $2,062.19, with interest and all costs. For which let execution issue as by law provided.

By the Court: It is so ordered.

Note.—See 8 C. J. p. 740 § 1015; anno. 4 A. L. R. 764; 11 A. L. R. 627; 22 A. L. R. 527; 35 A. L. R. 1120; 3 R. C. L. p. 1156; 1 R. C. L. Supp. p. 1002; 5 R. C. L. Supp. p. 220.