**VERSER et al. v. STERLING OIL & REFINING CO.**

No. 11089—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Bills and Notes — Action Against Indorser of Note—Sufficiency of Petition— Notice of Dishonor.**

A petition in an action on a negotiable promissory note against an indorser thereof which fails to allege that the indorser had been notified of the dishonor of the note or facts excusing the failure to give notice is defective.

2. **Same — Conditions Excusing Notice — Statute.**

Under the second subdivision of section 7785, Comp. Stat. 1921, where an indorser of a promissory note is the chief officer of a corporation which executed the note as maker, and the person upon whom formal presentation by creditors would have to be made of their demands for payment, or if the indorser is the proper person to whom the note may be presented for payment by the corporation and where it is so presented and dishonored by him for and on behalf of the corporation, it is not necessary that any further or other notice be given to such indorser; but the mere fact that the indorser is the president, secretary, or other principal officer of the corporation is not sufficient to excuse notice of dishonor to such indorser in the absence of proof that such person was the one to whom presentment for payment by the corporation was made.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by the Sterling Oil & Refining Company against J. C. Verser and others on note. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Swindall & Wybrant, for plaintiffs in error.

C. W. Herrod, for defendant in error.

COCHRAN, J.   This action was instituted by defendant in error against the Home Producers' Oil & Gas Company, and J. C. Verser, Chas. O. McCue, and Chas. Nelson, to recover on a promissory note executed by Home Producers' Oil & Gas Company as maker and indorsed by J. C. Verser, Chas. O. McCue, and Chas. Nelson. Separate demurrers were filed by the plaintiffs in error, who were the indorsers of the note, on the ground that the petition does not allege that they were notified of the dishonor of the note by the maker. The demurrers were overruled, and defendants filed a general denial, and thereafter the cause came on for trial, and the plaintiffs in error objected to the introduction of any evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. This objection was overruled, and defendant in error introduced its evidence, consisting of the note and the indorsements thereon. No further evidence was introduced, and defendants, J. C. Verser, Chas. O. McCue, and Chas. Nelson, demurred to the evidence, which demurrers were overruled by the court, and

judgment entered for the plaintiff. Verser, McCue, and Nelson have prosecuted their appeal to this court. Plaintiffs in error relied upon section 7759, Comp. Stat. 1921, which requires notice of dishonor to be given to indorsers on a promissory note, and the decisions of this court holding that a petition in an action on a negotiable promissory note against an indorser thereof, which fails to allege that an indorser had been notified of dishonor, or facts excusing a failure to give notice, is defective. Shaffer v. Govreau, 36 Okla. 267, 128 Pac. 507; Grimes v. Tait, 21 Okla. 361, 99 Pac. 810; Whitaker v. Bruner, 71 Oklahoma, 175 Pac. 238.

Defendant in error relies upon section 7785, Comp. Stat. 1921, which is as follows:

"Notice of dishonor is not required to be given to an indorser in either of the following cases:

"First: Where the drawee is a fictitious person or a person not having capacity to contract, and the indorser was aware of the fact at the time he indorsed the instrument;

"Second: Where the indorser is the person to whom the instrument is presented for payment;

"Third: Where the instrument was made or accepted for his accommodation"

—and calls attention to the fact that the copy of the note which was attached to petition and the original note which was introduced in evidence show that the note was executed by the Home Producers' Oil & Gas Company, by J. C. Verser, President; Attest, Chas. Nelson, Secretary, and was indorsed on the back:

"J. C. Verser, Chas. O. McCue and Chas. Nelson"

—and insists that, although the petition does not allege that the indorsers had been notified of its dishonor and does not allege facts excusing the failure to give notice, the note which was attached to the petition as an exhibit and became a part thereof is a sufficient showing of facts excusing a failure to give notice in that the second subdivision of section 7785, Comp. Stat. 1921, excuses a failure to give notice where the indorser is the person to whom the instrument is presented for payment, and insists that J. C. Verser and Chas. Nelson, having executed the note for the Home Producers' Oil & Gas Company as its president and secretary, appear to be the executive officers of the corporation, and are therefore the persons to whom the instrument would have to be presented

for payment by the maker. Especial attention is called to the case of Westinghouse Electric & Manufacturing Co. v. Hodge (Mo.) 167 S. W. 1186, in which the court held as follows:

"It is conceded defendant was president of the company at the time he executed the notes on its behalf and as such was its chief executive officer upon whom creditors of the corporation would make formal presentation of their demands for payment. * * * The Negotiable Instruments Act provides that notice of dishonor is not required to be given to an indorser 'where the indorser is the person to whom the instrument is presented for payment.' The purpose of giving notice is fully served when the indorser has actual knowledge of the dishonor, and the law does not require the doing of a vain and useless act. Defendant was not entitled to formal notice of the dishonor of any of the notes, and it is immaterial whether the three notes for $1,000 each matured according to the terms expressed on their faces or on the date of their first default as provided in the contemporary contract. In either case, defendant being the person to whom they were presented for payment, had actual notice of their dishonor, and was entitled to no other."

In Whitney v. Chadsey (Mich.) 185 N. W. 826, the court held that the indorser was not entitled to notice of dishonor. In that case the indorser was president of the corporation and the maker of the note, and all checks in payment of any claim of the corporation had to be signed by him as president, and no payment could be made except through him, and the court, holding that no notice to him was necessary, used the following language:

"His commanding position in the affairs of the company and his sole power to make payment of the note made the notice to him useless and brought him within the second exception to the rule."

The plaintiffs in error cite the case of Houser v. Fayssoux (N. C.) Ann. Cas. 1917B, 835, and the cases there cited, to sustain the contention that notice of dishonor to indorsers is not excused by reason of the indorser being the officer of the corporation to whom presentment for payment by the corporation was made. In this case the following doctrine is stated:

"The prevailing doctrine is that the corporate entity is as distinct from its officers and directors as it is from third persons with whom it transacts business, and stockholders or directors who lend their individual credit to the corporation of which they are members by indorsement of negotiable paper, or otherwise, are entitled to the same rights and immunities which at-

tach to the status of indorser or surety, where third parties have assumed those liabilities."

In Keiser v. Butte Creek Consol. Dredging Co. (Cal.) 191 Pac. 552, the first paragraph of the syllabus is as follows:

"The fact that defendants, indorsers of corporation's notes, were also directors or officers with full knowledge of the corporate affairs and of the failure to pay the note does not excuse lack of notice of presentment and dishonor."

We do not believe the principle announced in these cases is in conflict with Westinghouse Electric & Manufacturing Co. v. Hodge, supra, where the court was construing the effect of a section of the statute identical with the second subdivision of section 7785, Comp. Stat. 1921. At any rate, this court is of the opinion that the doctrine announced by the Missouri case should be followed, and where the indorser of a promissory note is the chief officer of the corporation which executed the note as the maker and the person upon whom formal presentation by creditors of the corporation would have to be made of their demands for payment, in such cases notice of dishonor is not required to be given to such indorser and is excused by the second subdivision of section 7785, Comp. Stat. 1921; and where the indorser is a proper person to whom the note may be presented for payment by the corporation, and where it is so presented and is dishonored by him for and on behalf of the corporation, it is not necessary that any further or other notice of dishonor be given to such indorser, but we are also of the opinion that the mere fact that an indorser is the president, secretary, or other principal officer of the corporation is not sufficient to excuse notice of dishonor to such indorser, but it is necessary to prove that such person was the one to whom presentment for payment by the corporation was made.

There are no allegations in the petition and there was no proof offered at the trial of the case that the note was presented to either of the indorsers for payment by the corporation and payment refused, and that by reason of such indorser being the person to whom the note was presented for payment by the corporation notice of dishonor was excused; neither was it alleged or proved that the parties signing themselves as president and secretary of the corporation at the time the note was executed were the executive officers of the corporation to whom claims of creditors

of the corporation would have to be presented for payment, and it was not alleged or proved that either of the indorsers was in any manner connected with the corporation at the time the note was presented for payment. As stated before, the plaintiff relied entirely on the fact that the note was executed by J. C. Verser, as president, and Chas. Nelson, as secretary, without making further proof tending to excuse presentment under the rule announced above, and as to the defendant Chas. O. McCue, there is nothing in the pleadings to show that he occupied any official position with the corporation whatever. The note was executed on May 25, 1918, and was due July 5, 1918.

We are, therefore, of the opinion that the judgment of the trial court should be reversed, and cause remanded, with directions to set aside the judgment and to enter an order sustaining the demurrers of the defendants, J. C. Verser, Chas. O. McCue, and Chas. Nelson, to plaintiff's petition, and that further proceedings be taken in accordance with the views expressed herein.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.