### THON *v.* STILES.

1. APPEAL AND ERROR—HARMLESS ERROR.

   In suit to set aside gifts *inter vivos* on ground of undue influence at time when donor was physically and mentally enfeebled, error, if any, of trial judge in placing burden of proof on plaintiff becomes unimportant, where record shows that burden was met and fully satisfied by defendants.

2. GIFTS—UNDUE INFLUENCE NOT SHOWN BY PROOF OF OPPORTUNITY—PRESUMPTION—FIDUCIARY RELATION.

   It does not necessarily follow that there was undue influence merely because opportunity for its exercise has been shown; but where fiduciary relation exists, presumption of invalidity of gift may be strengthened by proof of opportunity to exercise undue influence.

3. SAME—QUESTION OF UNDUE INFLUENCE ONE OF FACT.

   Even in cases where fiduciary relation is established, question of undue influence, as affecting validity of gift, is one of fact.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 21, 1932. (Docket No. 130, Calendar No. 36,458.) Decided June 6, 1932.

Three bills by William Thon against Mae L. Stiles and others to set aside gifts *inter vivos* by Henry F. Thon, deceased, on the ground of undue influence. Cases consolidated. Decrees for defendants. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*W. Hugh Williams* and *Atkinson, Ortman & Shock* (*Frank W. Atkinson,* of counsel), for defendants.

NORTH, J. Each of these three consolidated cases was brought by plaintiff for the purpose of setting aside and canceling a gift *inter vivos* by plaintiff's father, Henry F. Thon, to plaintiff's sister or to her husband. Plaintiff alleges the gifts are invalid because they were procured by undue influence exerted on his father at a time when the latter was physically and mentally enfeebled. From adverse decree plaintiff has appealed.

Henry F. Thon died July 14, 1930, 86 years of age. Plaintiff and Mae L. Stiles were his only children. Mrs. Henry F. Thon died in 1916; and thereafter the daughter and her husband, Archie Stiles, resided with the father in his home. Mr. Thon, Sr., had been engaged as an undertaker and in the retail furniture business for many years. In the latter part of his life he became less active in each branch of the business; and is said not to have conducted a funeral after 1910. In June, 1917, he made his son-in-law, the defendant Archie Stiles, a partner in the business, giving him at the time a one-fourth interest.

Mr. Thon, Sr., accumulated a substantial property, and the gifts which plaintiff seeks by these suits to set aside are:

(1) On or about July 30, 1925, 20 shares of stock in the Wyandotte Savings Bank, to the defendant Archie Stiles, the value of the stock being $9,000.

(2) Real estate, the block where the business was carried on and the homestead, the two parcels valued at substantially $90,000, were given to the daughter Mae L. Stiles. The deed for each parcel was dated September 5, 1918; a life estate was reserved in the grantor; but these two deeds were not delivered to the grantee until February 6, 1928, on which date they were recorded.

(3) Mr. Thon, Sr., had a savings deposit in the Wyandotte Savings Bank on August 20, 1929, of substantially $21,000. On that date he caused this individual account to be changed to the names of himself and Mrs. Stiles with right of survivorship.

For some time before his death Henry F. Thon suffered an impairment of health due to aortic stenosis and chronic nephritis. There is testimony that he also suffered from uremic poisoning and on many occasions during his later years he had fainting spells or convulsions. However, he seems to have gone to the store almost daily except when prevented by temporary illness or when taking a vacation. At times he assisted somewhat in waiting on the trade, although the son-in-law and a Mr. Graunstadt, who also had a quarter interest, seem to have been generally in charge of the business. These activities on the part of Mr. Henry F. Thon, perhaps in a somewhat diminished degree, continued to the time of his death, which occurred in the place of business.

In the opinion of the circuit judge, filed incident to his determination of these cases, he stated:

"The burden of proof, in cases of this kind, to prove undue influence is upon the plaintiff. No decree can be entered for plaintiff, unless by a fair preponderance of the evidence the claims and contentions of the plaintiff in his bill are sustained."

Appellant stresses the claim on this appeal that the rule as to the burden of proof announced is erroneous, and, instead, because of an alleged fiduciary relation existing between the donor and donees, the burden of proof was upon the latter (the defendants) to establish the validity of the respective gifts under which they claim. In support of this contention appellant relies in part upon the following cases: *Jacox* v. *Jacox,* 40 Mich. 473 (29 Am. Rep. 547); *Hemphill.* v. *Holford,* 88 Mich. 293; *Smith* v. *Cuddy,* 96 Mich. 562; *Noban* v. *Shoup,* 171 Mich. 191; *Guinon* v. *Guinon,* 184 Mich. 56; *Sadler* v. *Sadler,* 201 Mich. 281. The general purport of these decisions is thus expressed in the opinion in *Noban* v. *Shoup, supra,* quoting *Jacox* v. *Jacox, supra:*

"And if the circumstances disclose that the person under the infirmity, whether through choice, accident or otherwise, was as matter of fact for the time being in the place of ward of the other party, or was by his own consent, however brought about, in a state of submission to the judgment or opinion of the other, a presumption will arise adverse to the justice and equity of the bargain, and the bargainee will be required to show that no advantage was taken, and that in itself the arrangement was not only suitable, fair and conscientious, but one expedient under the circumstances and conducive to the interests of the other."

In the instant case it becomes unimportant to determine whether the trial judge was in error in holding that it did not fall within the rule of the above-cited authorities, as contended by appellant. This is true because careful consideration of this record fully convinces us that even though the burden of establishing the validity of the gifts was upon the respective defendants, that burden was met and fully satisfied. We forego a detailed review of the testimony of the respective witnesses. The record contains no direct testimony to the effect that, at the time of making any one of these gifts, Mr. Thon, Sr., was subjected to undue influence, or for that matter to any influence whatever, by the donee or any one in behalf of the donee. The testimony from which appellant would draw an inference of undue influence is not at all persuasive. After the death of Mrs. Henry F. Thon, the relations between plaintiff and his father, while perhaps not unfriendly, were not of the cordial character commonly existing between father and son; and, unfortunately, a very unfriendly feeling existed between plaintiff and his adult children on the one hand, and Mrs. Stiles on the other. These circumstances may have afforded an opportunity and possibly an inducement for the defendants to attempt to unduly influence Mr. Thon, Sr.; but it does not necessarily follow that there was undue influence merely because the opportunity for its exercise has been shown. Even in cases where a fiduciary relation is established, the question of undue influence is one of fact. *Pritchard* v. *Hutton,* 187 Mich. 346. When, because of a fiduciary relation, the presumption of invalidity of the transaction arises, doubtless such presumption is strengthened by proof of opportunity to exercise undue influence. But, as noted, our review of this record

convinces us that the respective gifts did not result from undue influence. The circuit judge arrived at the correct result; and the decree entered is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.