### FISHER v. HOKE et al.

No. 28642.   Oct. 17, 1939.

Brown Moore and Guy Horton, both of Stillwater, for plaintiff in error.

Thos. A. Higgins, of Stillwater, for defendant in error.

WELCH, V. C. J. In this action plaintiff sought recovery on a promissory note and to foreclose the mortgage securing the same. The makers and an indorser, J. P. Hoke, were made parties defendant. The makers made no answer, and the judgment against them on the note and for foreclosure of the mortgage is not involved in this appeal. The indorser filed an unverified general denial and thereby admitted the execution and indorsement of the note, but

such general denial put in issue the other material averments of plaintiff's petition necessary to show a right of recovery against the indorser. Grimes v. Tait, 21 Okla. 361, 99 P. 810.

Certain oral testimony concerning presentment and notice of dishonor was introduced and the instruments were identified and introduced in evidence. At the close of the evidence the trial court sustained a demurrer by the indorser to plaintiff's evidence.

From a judgment in favor of the indorser the plaintiff appeals and assigns as error the action of the court in sustaining the demurrer.

Sections 11369 and 11388, O. S. 1931, 48 Okla. St. Ann. §§ 161 and 201, provide that presentment for payment and notice of dishonor is necessary to charge an indorser. Sections 11381 and 11407, O. S. 1931, 48 Okla. St. Ann. §§ 173 and 220, provide that these acts may be waived. Other statutes provide the manner, place, and time, presentment and notice of dishonor must be made. The plaintiff does not here contend that there was proper presentment and timely notice of dishonor, and it is unnecessary to review the oral testimony. There is no specific allegation of waiver of presentment and notice of dishonor in the pleadings, nor do we find any reference thereto in the record. However, the terms of the note and mortgage are embodied in plaintiff's petition.

The plaintiff in support of the assignment of error contends that the necessity of presenting the note to the maker and giving notice of dishonor to the indorser was waived by the terms of the note and mortgage.

The note was made payable after a period of years, but provided for the payment of interest semiannually and contained the following provision:

"And it is expressly agreed that if default be made in payment of any interest coupon, or in case of failure to perform any of the covenants contained in the mortgage securing said note, then at the option of the legal holder hereof, the said principal sum, with the interest due and accrued thereon, shall become at once due and payable, without notice, and may be collected at once."

A provision of like import is contained in the mortgage. The indorser was bound by the provisions of the contract at the time of his indorsement.

What result was intended by the makers of the instrument to be brought about by the insertion of the phrase "without notice" in the above provision? The accelerating clause in which the phrase appears could not be effective except upon the happening of either of the events named prior to the due date stated, and then only if the holder should elect to make it effective. If one of the enumerated defaults should occur prior to the stated due date of the note, the holder was not compelled to declare the note due at the date of such default. The entire note would not ipso facto become due upon the occurrence of one of the enumerated defaults. It required affirmative action on the part of the holder to effectuate such result. He would have to so elect. We think the phrase "without notice" was inserted to have no other meaning than that the holder could elect to declare the whole sum due and payable without the necessity of giving notice that he was making such an election. After such an election by the holder the expression would have served its full purpose.

We apprehend that the holder would have been under no necessity to give notice to the maker of his election under the terms of the acceleration clause even if the words "without notice" had been omitted. Nevertheless, it is obvious that the framers of the note meant no more than to extend absolute freedom to the holder in the exercise of the option upon the occurrence of one of the defaults enumerated.

We find nothing in the expression or elsewhere in the contract that would give it a greater import or would excuse the holder, after the election, from making proper presentment and demand and giving timely notice of dishonor before suit, in order to charge an indorser.

This action was instituted after the due date stated in the instrument and at a time when the unused acceleration clause had lost its force and effect and the phrase "without notice" therein contained had lost its purpose.

In the absence of an expression in the contract waiving the requirements made necessary by the statutes to charge the indorser, and in the absence of evidence that the requirements of the statutes had been met or were excused, the demurrer was properly sustained.

The judgment is affirmed.

RILEY, GIBSON, HURST, and DAVISON, JJ., concur.