**NORIO KIYAMA, Appellant,**

v.

**John Foster DULLES, as Secretary of State, Appellee.**

**MIYOKO KIYAMA, Appellant,**

v.

**John Foster DULLES, as Secretary of State, Appellee.**

No. 15421.

United States Court of Appeals Ninth Circuit.

April 27, 1959.

Fred Okrand, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Bruce A. Bevan, Jr., Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

Norio Kiyama and Miyoko Kiyama filed separate actions seeking declarations that each was a national of the United States. The cases were consolidated and tried. Norio Kiyama was born on May 3, 1915, at Los Angeles, California, of Japanese parents. He was taken to Japan in 1922, and remained there until 1931, when he returned to the United States. Miyoko Kiyama was born at Manhattan Beach, California. During 1928, she was taken to Japan and remained there until 1938. Appellants were married in December, 1938.

Both were interned at various centers during the war, and were finally transferred to Tule Lake. Each signed various papers seeking repatriation to Japan and renouncing United States nationality. After individual hearings were held on the subject, each signed a formal document of renunciation of United States nationality and in December, 1945, voluntarily departed the United States and returned to Japan, where each remained

until 1950. They were returned on a Certificate of Identity for the purpose of prosecuting these actions.

The trial court found that the evidence showed that each had voluntarily renounced United States nationality and had been repatriated to Japan. The cases were therefore dismissed.

At the time this Court rendered the original opinion in this cause, the decision in Nishikawa v. Dulles, 356 U.S. 129, 78 S.Ct. 612, 617, 2 L.Ed.2d 659, had not been announced. We are constrained thereby to hold the affirmative burden of establishing "the voluntary conduct that is the essential ingredient of expatriation" by clear, convincing and unequivocal evidence. The learned trial judge here held that the burden was upon defendant to prove coercion and duress. Error was assigned because the trial court held that the burden rested upon appellants to prove that their respective renunciations of United States nationality were involuntary. There must be a reappraisal in the light of the proper burden of proof.

While we are of the opinion that formal acts of renunciation and repatriation to Japan are to be widely differentiated from submitting to induction into the army of the country of his secondary nationality, still the procedural rule for all such cases must be uniform.[1]

There were also assignments of error upon the ground that the trial court failed to hold that appellants did not lose their United States citizenship by reason of their renunciations at Tule Lake, that there was failure to find these renunciations were under duress and coercion, and that the findings that these renunciations were voluntary and not under duress and coercion are not supported by

the evidence. Since the trial court must again find upon these propositions, this Court presently expresses no view upon the evidence or the weight thereof.

The cause is remanded for further proceedings in accordance with this opinion.

1. On account of the protection accorded American citizens by birth, the procedural rule is sui generis. Ordinarily, if a trial judge find the facts on all the evidence, the judgment will stand. Cf. Midland Valley R. Co. v. Railroad Express Agency, Inc., 10 Cir., 105 F.2d 201, 204; Hartford Fire Insurance Co. v. Brown, 60 Fla. 83, 53 So. 838; Goodale v. Thorn, 199 Cal. 307, 312–313, 249

P. 11; Thon v. Stiles, 259 Mich. 145, 242 N.W. 869; Adams v. Tamaqua Underwear Co., 105 Pa.Super. 339, 161 A. 416; Alger v. Brighter Days Mining Corporation, 63 Ariz. 135, 160 P.2d 346; Title Guarantee & Trust Co. v. Pam, 232 N.Y. 441, 134 N.E. 525; Shaffer v. Govreau, 36 Okl. 267, 128 P. 507; Louisville & Nashville R. Co. v. Strickland, 219 Ala. 581, 122 So. 693.