BRANNONS NUMBER SEVEN, INC., Appellee,

v.

Robert PHELPS, Appellant.

No. 58076.

Court of Appeals of Oklahoma, Division No. 2.

May 31, 1983.

Released for Publication by Order of Court of Appeals July 1, 1983.

Walter E. Suttle, Foshee & Yaffe, Oklahoma City, for appellant.

Brent D. Coldiron, Sherman, Pool, Amis, Thompson & Coldiron, Del City, for appellee.

MEANS, Judge.

This is an appeal by the defendant, Robert Phelps, from an order of the trial court which granted summary judgment[1] in favor of the plaintiff, Brannons Number Seven.

The issues involved are (1) whether Brannons, as the holder of two insufficient payroll checks, was required to give notice of dishonor to Phelps as the endorser, and (2) whether a disputed notice of dishonor is a substantial material fact precluding the granting of summary judgment.

We answer both questions in the affirmative and reverse.

The basic facts are not in dispute. Phelps was in the employment of Jet Service Company. Jet issued two payroll checks to Phelps in the amounts of $454.49 and $350.05. Brannons, a grocery store, cashed the two checks for Phelps. Phelps had endorsed the two checks, placing his telephone number on the back of each check, below his endorsement. Phelps received the proceeds from the checks. Upon presentment by Brannons to the drawee bank, notice of dishonor due to insufficient funds in the drawer's account was given to Brannons.

Brannons, by way of affidavit attached to its motion for summary judgment, states that it "requested Robert Phelps to pay Plaintiff [Brannons]" the sums of the two checks. Attached to Phelps' response to Brannons' motion for summary judgment is his affidavit which states that Brannons never requested him to pay the sums of the checks "by either verbal or written demand." Again in Phelps' answers to Brannons' request for admissions, Phelps denied that Brannons requested him to pay the sums of the checks.

The trial court granted plaintiff Brannons' summary judgment for the sum of $804.64, plus attorney's fees and costs.

### I

■ The requirement of notice of dishonor to an endorser is clear.

Title 12A O.S.1981 § 3–501(2)(a), states that unless notice is excused under § 3–511:

> "(a) notice of any dishonor is *necessary to charge* any endorser;" (emphasis added)[2]

The contractual duties and liabilities of an endorser and holder when an uncertified check passes between the parties are found in 12A O.S.1981 § 3–414(1):

> "Unless the endorsement otherwise specifies (as by such words as 'without recourse') every endorser engages that *upon dishonor and any necessary notice of dishonor* and protest he will pay the instrument according to its tenor at the time of his endorsement to the holder or to any subsequent endorser who takes it up, even though the endorser who takes it up was not obligated to do so." (emphasis added)

The holder's rights are stated in 12A O.S. 1981 § 3–507(2):

> "*Subject to any necessary notice of dishonor* ... the holder has upon dishonor an immediate right of recourse against the drawers and endorsers." (emphasis added)

An endorser's liability is contingent and does not become fixed unless and until the holder complies with the requirement of

---

1. Rule 13, Rules of the District Court, 12 O.S. 1981, Ch. 2, App.

2. Uniform Commercial Code Comment 2, 12A O.S.A.1963 § 3–501, relating to this provision, states in part:

"The words 'Necessary to charge' are retained from the original Act. They mean that the necessary proceeding is a condition precedent to any right of action against the drawer or indorser."

notice of dishonor.[3] This notice is an element of Brannons' cause of action and Brannons thus has the burden of proving that it gave notice.

## II

■ The affidavits, briefs and exhibits to the pleadings relied upon by the trial judge in granting summary judgment present a substantial controversy as to a material fact as to whether notice of dishonor of the checks was given to the endorser Phelps. Assuming arguendo, that requesting payment by Phelps of the checks in question constituted notice of dishonor, Phelps denies that such a request occurred. This presents a question of fact to be proved by Brannons to the satisfaction of the trier of facts before recovery is permissible.[4]

Reversed and remanded for trial on the issue of notice of the dishonor.

BACON, P.J., and BOYDSTON, J., concur.

---

3. The Oklahoma statutes required notice of dishonor to an endorser of promissory notes in pre-Code cases. *Fisher v. Hoke,* 185 Okl. 535, 94 P.2d 913 (1939); *Grimes v. Tait,* 21 Okl. 361, 99 P. 810 (1908).

4. *Stuckey v. Young Exploration Co.,* Okl., 586 P.2d 726 (1978).